By the Court. Sandford, J.
The first ground of demurrer is, that the declaration fails to show that the surrogate of New York had jurisdiction of the administration of Henry Raymond. It appears that, he was domiciled in New Jersey, and there is no allegation that he left assets in this city.
We think a very plain answer to this objection is to be found in the bond executed by the parties, in which they became bound for their principal’s faithful execution of the trust reposed in them as administrators under the appointment of the surrogate of the county of New York, and for their obedience to all his orders touching such administration, ft would be strange indeed, if the sureties in an administration bond, after enabling their principal to possess himself of the personal estate by its execution, should be permitted to avoid its obligation, upon the plea that the officer granting the letters and receiving the bond, had no jurisdiction of the subject matter. The execution of the bond precludes both principals and sureties from gainsaying the surrogate’s jurisdiction, in any proceedings for the assets which the appointment and bond have enabled the principal to receive. (See Pritchett v. The People, 1 Gilman’s R., Illinois, 525; Morse v. Hodsdon, 5 Mass. 314.)
It is sufficiently averred in the declaration, that letters of administration were issued to Sackett and James Ra3maond, and that by virtue of those letters, they received a large amount of assets of the intestate.
The next objection, which embraces several specifications in the demurrer, is that the declaration does not show the facts necessary to give the surrogate jurisdiction to have made the orders to account, to pay over, and for the prosecution of the bond.
The defendants attorney seems to have supposed, that it was necessary to set forth in the declaration, every minute step in the proceedings before the surrogate; each application to him, the issuing and service of process, the proof of service, the date *84 arid place of each act, that the orders were in writing and were entered of record, and even the filing of the papers.
In this the attorney was clearly wrong. The surrogate, having jurisdiction of these administrators, and of the administration committed to their charge; it was sufficient for the plaintiffs to set forth, as they have done in this court, that the administrators were at the proper time required to account, that they did account before the surrogate, that he found and decreed the balance in their hands, that he further decreed the distribution of such balance, and payment to the respective next of kin, that the administrators failed to comply with such decrees, that thereby the administration bond was forfeited, and that the surrogate thereupon ordered it to be prosecuted.
It was not necessary that the declaration should aver notice to the sureties of any of these proceedings. And it would have been very reprehensible in the plaintiff to have set forth a quarter of the matters, the omission of which is assigned as cause of demurrer.
If any grounds exist for impeaching the proceedings, either in respect of the sums decreed to be paid, or in any other matter open for consideration in this suit; the sureties may avail themselves of it by their plea and notice.
That the declaration is sufficient, we have no doubt. The cases of The People v. Dunlap, 13 Johns. 437; and The People v. Barnes, 12 Wend. 492, show this inferentially, from the pleadings in the former, and the points raised in the latter.
It is said that the declaration should have stated an application to the surrogate to have the bond put in suit, either by a creditor, a legatee, or one entitled to a distributive share—as no others could apply, and the order could not be made except on such an application.
On this point, we think that there being shown a case in which the surrogate might direct the bond to be sued, and in which he would be required so to direct on the application of one entitled to a distributive share; and it being further shown that the surrogate has in fact made an order that the bond be prosecuted; it is to be taken that such order was rightfully made. His jurisdiction of the subject matter, founded on the *85 administration, the account and order thereon, the distribution, the order to pay to the parties entitled, and the omission to pay, entitles the order to sue the bond, to be treated presumptively, as a valid judicial act, without the averment of a formal application or the service of a citation or order to show cause.
Upon the whole, we are satisfied that the count is sufficient, and the demurrer must be overruled, with leave to the defendants to plead on the usual terms.