THE CUMBERLAND COAL AND IRON COMPANY *vs.* THE HOFFMAN STEAM COAL COMPANY and others.

The want of jurisdiction of the court over the subject matter of the action will not prevent the defendant from recovering costs, on the dismissal of the complaint; nor will it deprive the defendant of the right to damages upon the injunction-undertaking, when the injunction is dissolved. LEONARD, J. dissented.

The undertaking given on the issuing of an injunction is for the benefit of all the defendants that are enjoined, whether served or not. Hence, if a party, without any service of the summons or injunction upon him, obeys the injunction, he may, without any appearance, have a reference to ascertain the amount of damages sustained by him, by reason of the injunction. LEONARD, J. dissented.

THIS was an appeal by the plaintiff from an order entered on the 23d day of January, 1862, granting a reference to Samuel Jones, Esq. to ascertain and report the amount of damages alleged to have been sustained by the defendant, The Hoffman Steam Coal Company, by reason of an injunction issued in this case.

The action was commenced against the defendants Sherman and Dean, on or about the 19th day of November, 1858, for the purpose of setting aside a certain conveyance of lands of the plaintiff, situate in Maryland, and a certain transpor-

Cumberland Coal and Iron Co *v.* Hoffman Steam Coal Co.

tation contract made by the plaintiff, to and with the defendants Sherman and Dean, while the said Sherman was one of the directors of the plaintiff, which conveyance and contract are alleged in the complaint to have been procured by fraud. The Hoffman Steam Coal Company is a corporation, created by a statute of the state of Maryland, and was named in the complaint in this action as a defendant, by reason of a conveyance and transfer of said lands and transportation contract, made by said Sherman and Dean to said The Hoffman Steam Coal Company. A temporary order of injunction was made herein by his Honor Judge Davies, restraining the defendants from interfering with the lands in question, and from disposing of said transportation contract, and requiring the defendants to show cause why such injunction should not be continued. That order was duly served on the defendants Sherman and Dean, who appeared in the action, and a copy of the summons and complaint, together with a copy of said order was served upon S. Brooke Postley, the president of the said The Hoffman Steam Coal Company, on the 19th of November, 1858. The section of the code relative to the mode of serving a summons, (§ 134,) as it stood at that time, required a copy, in case of a suit against a corporation, to be delivered to the president or other head of the corporation, &c.; but in case of a foreign corporation such service could be made only *when it had property* within this state, or the *cause of action arose here.* The Hoffman Steam Coal Company had no property in this state at the time, and the cause of action did not arise here. Consequently the service was void. The Hoffman Steam Coal Company did not appear in this action, but moved to set aside the said service upon them, upon the grounds: 1st. That said company had not been lawfully served with said summons and complaint, and had not appeared in this cause. 2d. Because said plaintiff and defendant, The Hoffman Steam Coal Company, were not residents of the state of New York,

and the cause of action did not arise, and the subject matter of the action was not situated in this state. 3d. Because the said The Hoffman Steam Coal Company had no property within this state. That motion was argued before his Honor Judge Sutherland, and on the 20th day of December, 1858, an order was made by him thereon, granting said motion, and setting aside and absolutely vacating the service of said summons, complaint and injunction, as against the said The Hoffman Steam Coal Company. That motion was granted on the ground that such service was absolutely void and of no effect, not being within the provisions of section 134 of the code as it then stood. The plaintiff appealed to the general term of this court from the said order of Judge Sutherland, and the same was affirmed. No service of the summons or injunction had been made on said company or any officer thereof since the amendment in 1859, of section 134 of the code. The Hoffman Steam Coal Company alleged· that from the time of the service of the injunction order as aforesaid, until after the determination of the plaintiff's appeal to the general term, *i. e.* from November 19, 1858, until after May 25, 1859, it rigidly obeyed the injunction order, and carefully refrained from doing any act that might possibly be construed into a disobedience thereof, as the company was advised it was bound to do, even though the injunction was improperly made, until the same was set aside by judicial action of the court. And that the said injunction completely stopped and stayed all the business of The Hoffman Steam Coal Company, then in a flourishing condition, at an enormous and irreparable loss to it, as was alleged.

*Charles A. Rapallo*, for the appellant.

*L. R. Marsh*, for the respondent.

INGRAHAM, P. J. The want of jurisdiction of the court over the subject matter of the action did not prevent the

Cumberland Coal and Iron Co. *v.* Hoffman Steam Coal Co.

defendant from recovering costs, on the dismissal of the complaint; nor does it deprive the defendants of the right to damages upon the undertaking given on the issuing of the injunction, when it was dissolved. The court had sufficient jurisdiction over the parties to commence the action, although there was none over the subject matter. And in such a case I can see no reason why the defendants should not have the benefit of the undertaking filed for that purpose. The plaintiff is estopped from denying jurisdiction. (2 *Sand. S. C. Rep.* 81.)

The only question is, whether a defendant who obeys an injunction before the process is served, may have such relief. I think he may, if he obeys the injunction. It has been held that it is the duty of the defendant to obey an injunction, if he knows it has been granted, although it has not been served; and if he disobeys it, he will be liable to an attachment. The injunction is granted before service of process, often, and the undertaking when filed, in such a case, is for the benefit of all the defendants that are enjoined, whether served or not.

The order should be affirmed, with costs.

BARNARD, J. concurred.

LEONARD, J. I dissent. The Hoffman company, not having appeared in the action, is not entitled to any costs. I think that company cannot, without service of process, volunteer to come into court, so as to claim the benefit of the undertaking, without full appearance in the action; unless there had been service of the injunction. The court was also without jurisdiction of the parties or of the action, so far as the Hoffman Company was concerned. This defendant is a foreign corporation. The plaintiff does not reside in this state, and the cause of action did not originate here. (*Code,* § 427.) The injunction was void; not merely

voidable. And the court was without jurisdiction to make the order of reference, or any other order affecting the Hoffman company. (*The People* v. *Sturtevant,* 9 *N. Y. Rep.* 266.)

Order affirmed.

[NEW YORK GENERAL TERM, November 24, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]