# SUPREME COURT.

THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, appellant, agt. RICHARD A. CUNNINGHAM, impleaded with the mayor, &c., respondents.

An *undertaking*, given on the issuing of an injunction, is for the benefit of all the defendants enjoined, whether served or not. Consequently, it is not necessary for a defendant not served to appear in the action, to have the benefit of the undertaking.

Where, on filing consent of defendants' attorney, and on motion of plaintiff's attorney an order from the court was obtained. discontinuing the action and canceling the undertaking on file, without the knowledge or consent of one of the defendants who had not appeared in the action, but who had been enjoined,—*Held*, that such defendant was entitled to have so much of the order as canceled the undertaking set aside, as to him, he showing a property in it.

The canceling of an undertaking on file in the court is of doubtful propriety. It certainly ought not to be done where there are other persons interested besides those who consent to the order.

*General Term, First Department,* 1873.

*Before* INGRAHAM, *P. J., and* DAVIS, *J.*

*Appeal argued May 5th,* 1873, *and decided May 23d,* 1873.

APPEAL from order of the special term vacating so much of an order discontinuing an action for an injunction, and canceling the undertaking given in that action, as so canceled such undertaking.

This action was brought against the mayor, aldermen and commonalty of the city of New York and Richard A. Cunningham to restrain them from interfering with the plaintiffs in operating their railroad in the city of New York, and a

preliminary injunction obtained upon the usual undertaking.

The summons, complaint and injunction were served upon both defendants, Cunningham sustaining considerable pecuniary loss.

The mayor, aldermen, &c., appeared and answered; Cunningham did not appear at all in the action.

The mayor, aldermen, &c., moved at special term to vacate the injunction, but their motion was denied. On appeal to the general term the order of the special term was reversed and the injunction was wholly vacated and dissolved.

Afterwards, on consent of the corporation counsel (he receiving his costs from the plaintiff) and on motion of the plaintiff, but without the knowledge or consent of Cunningham, the action, without having reached a trial, was discontinued, and the undertaking canceled.

As soon as Cunningham learned of the making of the order discontinuing the action and directing the cancellation of the undertaking, he moved to vacate such order so far as it directed the cancellation of the undertaking.

His motion was granted, and from the order the plaintiff appealed.

JOHN M. SCRIBNER, JR., *for the appellant.*
CARLISLE NORWOOD, JR., *for the respondent.*

*By the Court,* INGRAHAM, *P. J.* — An injunction was obtained by the plaintiffs against the defendants restraining the defendants from building a sewer. in a street over which the plaintiffs' road was laid. The defendants are the mayor, &c., of New York and Cunningham, with whom the contract was made to do the work.

Cunningham did not appear on the suggestion of the corporation counsel that his rights could be protected by him. Afterwards the injunction was dissolved on the application of the counsel for the corporation, and, on a consent signed by

the counsel for the corporation and the plaintiffs' attorney, an order was entered discontinuing the suit and canceling the undertaking.

The defendant, Cunningham, now moves to have so much of the order as directs the cancellation of the injunction vacated. The motion was granted at special term and the plaintiff appeals.

It is not by any means clear that Cunningham might not bring an action on the undertaking, notwithstanding the order canceling it. If done without his consent and he had a property in it, that right could not be taken from him without some assent or knowledge on his part. It was not necessary, to give it validity, that the defendant should appear in the action. His interest in the undertaking began when he was enjoined, and that interest became perfected when the court decided that the plaintiff had no right to the injunction.

I doubt very much the propriety of canceling undertakings on file in the court.

It certainly ought not to be done where there are other persons interested besides those who consent to the order. It is apparent, from the order referred to, that it was made on the supposition that all the parties interested in the action assented to its entry; without such assent the order should not have been made. In *N. Y. Cent. Ins. Co.* agt. *Safford et al.* (10 *How. Pr. R.*, 344), CADY, J., says : " The undertaking is the property of the plaintiff (or party) as much as if it had been given to him on the sale of goods or a farm, except that he has no right to take it from the files of the court without leave, and he can maintain an action on it without that."

It is urged that Cunningham had no standing in court, and, therefore, is not entitled to notice of the application.

It has been held that the undertaking is for the benefit of all the defendants enjoined, whether served or not (*Cumberland Coal Co.* agt. *Hoffman*, 39 *Barb.*, 16). If so, it surely

Dry Dock, East Broadway and Battery Railroad Co. agt. Cunningham.

cannot be necessary for the defendants not served to appear, to have the benefit of the undertaking.

I think there was no authority for canceling the undertaking so far as relates to the defendant, Cunningham; and in that respect the order should be affirmed.

Davis, J. concurs.