By the Court.—Robinson, J.
This action was brought against the defendants as sureties upon an administrators’ bond given by Thomas G. Yan Cott, in November, 1867, upon the granting to him by the surrogate of the city and county of New York, of letters of administration upon the estate of Gabriel Yan Cott, deceased ; and the alleged breach of the condition was his neglect or refusal to pay, according to the subsequent decree of the surrogate (made on February 24, 1871), out of the assets that had come into his hands, a debt adjudged to be due the plaintiff, payable from the' estate of the intestate, sufficient assets for that purpose being disclosed.
The defense offered on the trial, in contradiction to the recital in the bond, and against the prima facie evidence furnished by the letters of administration and ■decree of February 24, 1871, was, “ that at the time of the decease of Gabriel Yan Cott (the intestate), at and immediately preceding such decree, he was not an inhabitant of the county of New York, but was an inhabitant of the county of Queens, settled there for the purpose of living there.”
This defense was overruled, under exception, and such ruling is the subject of consideration on this appeal.
The offer of such a defense was rejected, upon the ground of estoppel, upon the consideration that the application for, and granting of the letters of administration, were upon assumption of the jurisdiction of the surrogate of the city and county of New York; and the bond being tendered to enable the principal to ac *352 quire the office of administrator, and possession of the property of the intestate, and having effected that object, both principal and sureties were concluded from questioning the authority of the surrogate to grant such letters, or the liability of the sureties for the acts of their principal in the execution of his duties as such administrator, or the order made by the surrogate fixing his liability. The following authorities of the courts of our State support the ruling of the judge on the trial: The People v. Falconer, 2 Sandf., 81; Caldwell v. Colgate, 7 Barb., 256 ; People v. Norton, 9 N. Y., 178; The Supervisors of Rensselaer v. Bates, 17 N. Y., 245; Fay v. Ames, 44 Barb., 327; Fake v. Whipple, 39 Barb., 339; S. C., 39 N. Y., 394; Coleman v. Bean, 1 Abb. Ct. App. Dec., 394, affirming, 14 Abb. Pr., 39 ; The Cumberland Coal Co. v. Hoffman Steam Coal Co., 39 Barb., 19.*
In the People v. Norton, supra, the action was brought upon a bond given by a trustee substituted bj the court of chancery, upon proceedings by petition without bill of complaint, in a case claimed to have been within the jurisdiction of the court, under the provisions of the statute allowing such substitution upon summary application, which, however, was denied by the defendants, and such alleged want of jurisdiction was presented as a defense to the bond. The court of appeals, however, held that as the substituted trustee got possession of the trust estate under color of such proceeding, both he and his surety upon such voluntary bond for the faithful administration of the trust estate, were precluded from questioning the.au-thority under which he assumed to have acted. So *353 in. the Supervisors of Rensselaer v. Bates, in the same court (supra), the defendant had become surety that his principal should faithfully discharge the duties of the office of treasurer of the board of supervisors, an office not within the province of the board to create ; yet he was held liable on such voluntary bond for moneys received by his principal in such assumed capacity as treasurer of the board, although collected under resolutions which that body could not lawfully pass ; and decided that both principal and surety were “precluded from questioning the power of the board, as principals, to confer upon him the authority (as treasurer) under which he acted.”
In The People v. Falconer (supra), in the superior court, Justice Saitofobd, in a similar case to the present one, said: “Itwould be strange, indeed, if the sureties in an administration bond, after enabling their principal to possess himself of the personal estate by its execution, should be permitted to avoid its obligation upon the plea that the officer granting the letters, and receiving the bond, had no jurisdiction of the subject matter. The execution of the bond precludes both prin-' cipal and sureties from gainsaying the surrogate’s jurisdiction in any proceedings for the assets which the appointment and bond have enabled the principal to receive.”
The distinction is plain between such cases as the present, and those arising upon proceedings in inmtum, against a party, where he is compelled to give a bond or other obligation to procure the release of his person, or estate, under process or .other claims sought to be enforced against him under proceedings void for want of jurisdiction in the officer who assumes to exercise it,. and where the power under which a wrong is attempted to be enforced, only originated in such void j urisdiction.. The voluntary presentation of such a bond as that sued on in this case, for the purpose of acquiring rights not *354 previously possessed by the party offering it, brings the case within the principle of both legal and equitable estoppel, by which a party is precluded in a court of justice from denying his own acts or admissions where they were designed to influence the conduct of another, and did so influence it, and where such denial would operate to the injury of the latter (Dezell v. Odell, 3 Hill, 215, Herm. on Estop., §§ 320, 321), or where he has bound himself by written instrument for the fidelity or good conduct of another in a private or public duty for acts done in that capacity (Herm. on Estop., § 250, 1). The authorities of our own courts fully sustain the liability of the defendants, as sureties upon the bond in suit for the assets that came into the hands of their principal, the administrator, without right of question as to the jurisdiction of the surrogate, by whom he was appointed to office.
Secondly. The decree of the surrogate, made on February 23,1871, directing the payment to the plaintiff, by the administrator, of the amount for which (with interest), the recovery has been had, cannot be attacked collaterally (Laws of 1870, p. 826, ch. 359), upon allegation that plaintiff was awarded more than his just proportion of the assets *that came into the hands of the administrator. An error in that respect was only the subject of an appeal from the surrogate’s decree.*
Thirdly. The defense of non joinder of Thomas Gr. Van Cott, the administrator, upon allegation that he was a joint contractor in the bond in suit, was disproved by a production of the bond which, as to the obligors, was joint and several. The suit was against the sureties only, and against only two out of the three obligors, and the motion to dismiss the complaint was on the ground “that two out of three joint and several partiés to the *355 bond of the administrator, had been sued, and not one or three.” Such was the rule of the common law, but it has been altered by the Code, section 120, allowing “persons severally liable upon the same obligation or instrument to be all or any of them included in the same action at the option of the plaintiff” (Carman v. Plass, 23 N. Y., 286 ; Brainerd v. Jones, 11 How. Pr., 569).
But as the allegation in the complaint was solely of a joint obligation, and the proof made, without objection, was of one joint and several, the plaintiff should be permitted to amend his complaint conformably to the proofs by inserting the words, “jointly and severally ” after “ bind themselves.”
The judgment should be entered on the verdict for plaintiff.
Judgment accordingly.

 To the same effect is Onderdonk v. Voorhis, 36 N. Y., 358 ; and see Kelly v. McCormick, 28 N. Y., 320; affirming, 2 E. D. Smith, 503). ■ And even the defense that the obligation was void for want of jurisdiction of the subject matter, may be waived (Vose v. Cockcroft, 44 N. Y., 415).

 To the same effect is Thayer v. Clark, 4 Abb. Ct. App. Dec., affirming 48 Barb., 243.