Lawrence, J.
I am of the opinion that the plaintiff is too late in making his motion to remove this cause into the United States circuit court. The decision of the general term of this court, in the case of Warner v. Pennsylvania R. R. Co. (6 Hun, 197), seems to me to cover this case. In that case, the court held that under the provisions of the act of Congress (chap. 137 of 1875) providing for the removal of causes into the United States courts, “ before or at the term at which said cause could first be tried, and before the trial thereof,” it is too late to make such application, after the cause has been noticed for trial, and placed upon the calendar of the court, at a term at which it could be tried, even though it may not have been reached, and even if the trial thereof has been stayed by order pending the execution and return of a commission.
In this case it appears that on October 31, 1868, a demurrer to the complaint was served on behalf of some of the defendants; and an answer on behalf of the railway company, which answer contained a counter-claim, to which the plaintiff for six years omitted to reply, or to attempt to reply.
A hearing on the demurrer was actually noticed for the November term, 1874, and the demurrer sustained, and it is quite apparent that intermediate the service of the answer in 1868 and the date of making this motion there was a term of the court, at which this case could have been tried.
The default on the demurrer was a trial as to the demurring defendants (Code, § 353).
After the plaintiff had neglected to reply to the defendants’ counter-claim, the issue was joined be *16 tween the plaintiff and the defendants, the railroad company, on the other allegations in the answer; and the case of Warner v. Pennsylvania R. R. Co. (supra), seems to be an authority for holding, that, as in point of fact, the cause could have been tried, i. e., by the plaintiff placing the same upon the calendar, and noticing it for trial, the plaintiff does not bring himself within the terms of the statute, even although he shows himself to have been under injunction in the mean time.
On the authority of this case, and the reasoning contained in the opinion of the general term, I think that the plaintiff’s motion to remove this cause into the United States circuit court must be denied.
In regard to the defendants’ motion for an extra allowance, as a condition to the granting of an order for the discontinuance of this action, it appears to me that the learned counsel for the plaintiff, in his argument as to jurisdiction, virtually asks me as a justice sitting at chambers to review the general term.
The general term in the opinion delivered holds, that the plaintiff may discontinue on the payment of certain taxable costs, and the costs of opposing the motion; and in the order entered upon the decision rendered, the words “and without prejudice to an application for an allowance” were inserted. If the learned counsel for the plaintiff is right in his point as to jurisdiction, the general term had no power to impose any terms upon the plaintiff, on permitting him to discontinue. If all the proceedings were void for want of jurisdiction, the imposition of costs taxable or otherwise was void. But the general term have held, that they have a right to impose costs as a condition for allowing the plaintiff to discontinue this action, and their decision must be followed by me. There can be no difference between costs allowed by statute, and the allowance granted by the court, in the *17 exercise of the power conferred by the Code. After the court has determined that an allowance is proper, the allowance, as it seems to me, becomes just as much a part of the costs of the prevailing party as his statutory costs.
How the general term have held that costs should be imposed upon the plaintiff as a condition for allowing him to discontinue, and they have permitted an application for an allowance. This appears to be an intimation that the justice at chambers has power to grant an allowance, if the facts in his opinion entitle the defendants to an allowance; andas before observed, if the court has jurisdiction to impose costs, I do not see how the conclusion can be resisted that it has. power to grant an allowance. The general term there*, fore appear to have left me no discretion as to the-question of power, and the case must be disposed of as to the allowance, the same as any other case would be, in whicn an allowance is asked for.
In Coffin v. Coke (4 Hun, 616), this court held that in difficult and “extraordinary cases, an allowance-may be made, under section 309 of the Code, where the-plaintiff discontinues the action before trial on payment of costs.”
And in that case an allowance was granted. The-only difference between that case and the present i‘s,. that there the plaintiff offered to pay costs, while in this the court has directed them to be paid.
This brings me to the last question in this case— which is, whether it is difficult and extraordinary. Ho one can, I think, read the printed volume which was handed up on the argument of the motion, without recognizing the fact that this is a difficult and most extraordinary case.
On an ex-parte application, a receiver was appointed of the defendants’ railroad and property, described in the mortgages and trust-deeds, and of the *18 stock, goods and effects, bonds and accounts of the defendants, so far as the same refer to, or have any relations to the said road and property described in said mortgages or trust-deeds, &c., and the defendants were put under an injunction of a most severe and stringent character ; and all this upon the security of an undertaking executed by the plaintiff alone, without surety, in the sum of two hundred and fifty dollars.
Under these circumstances, I entertain no doubt that the defendants are entitled to an allowance, and a thorough examination of the printed documents and affidavits submitted, leads me to the conclusion that the full amount of two thousand dollars should be granted.
Orders may be entered in accordance with these views, and the defendants are entitled in each case to the costs of the motion.