SARAH M. SIMMONS, APPELLANT, *v.* ZACHARIAH E. SIMMONS, RESPONDENT.

*Judgment of divorce—petition to have it vacated because of fraud—when the petitioner shows no right to intervene—power of the court to impose upon him the payment of costs—the court cannot modify an order, of its own motion, without notice to the parties interested.*

One E. J. Henry presented to the court a petition, in his own behalf, praying that a judgment of divorce heretofore entered in this action be vacated, upon the ground that it was collusively and fraudulently obtained, and was the result of a conspiracy entered into between the parties to the action and others to effect a marriage between the plaintiff and a son of the said E. J. Henry, and thereby obtain control of the son's property. Upon the return of the order to show cause granted on the petition, an order of reference was made which was resettled by an order made on May 12, 1883. While the reference so ordered was pending, the court on its motion, and without notice to any of the parties, made an order amending the order of May twelfth by retaining to the court power to make such order in regard to costs and compensation as it deemed proper, and providing that the order of reference and intervention be granted upon that condition. The petitioner refused thereafter to proceed before the referee.

Upon an appeal from an order, made upon the coming in of the referee's report, dismissing the petition and awarding to the plaintiff $350 as compensation for disbursements and counsel fees to be paid by the petitioner:

*Held,* that the petition was properly dismissed, as the petitioner showed no right to intervene.

That as the petitioner had submitted himself to the jurisdiction of the court by presenting the petition, he could not object to its imposing the payment of proper costs upon him, upon the ground that it had no jurisdiction to act in the matter.

That the order made by the court, upon its own motion, modifying the former order so as to make it conditional upon the retention by the court of the power of fixing the amount of the compensation to be awarded, being made without notice to, or the consent of, the petitioner was void.

*It seems* that the court would have power to impose, as a condition of granting the order asked for by the petitioner, the obligation on the part of the petitioner to pay compensation to be awarded by the court, but such condition could not be imposed by the court upon its own motion and without notice to or the assent of the petitioner.

That in so far as the order awarded the said compensation to the plaintiff, such compensation being neither the costs of a motion nor costs of a special proceeding but being a gross sum allowed "as compensation for disbursements and counsel fees" in the proceeding, it should be reversed.

APPEAL from an order denying the motion of one Evan J. Henry, for leave to intervene herein, and granting an allowance to the plaintiff to be paid by the said Evan.

*W. C. Beecher*, for E. J. Henry, petitioner.

*C. H. Woodbury*, for the plaintiff.

*William A. Fowler*, for Z. E. Simmons.

BOOKES, J.:

This is an appeal from an order of the Special Term, purporting to have been made in this case (entitled as above), denying the prayer of a petition presented by one Evan J. Henry, in his own behalf, asking to have the decree of divorce granted in such action vacated and declared void, and dismissing such petition, and further granting an allowance of $350 to the plaintiff (now Sarah M. Henry), "as compensation for disbursements and counsel fees" in the proceeding based on such petition. The ground of the application, as stated in the petition, so we are informed by counsel, the petition itself not being inserted in the appeal book, was that the decree of divorce was collusively and fraudulently obtained, in this, that it was the result of a conspiracy entered into between the parties to the action and others named, to the end that a marriage might be effected between the plaintiff and James G. Henry, the son of the petitioner, and thus to obtain control of his, James G. Henry's, property. Without referring to other proceedings directed by the Special Term, soon to be considered, we may pause here and state our conclusion based on the facts above given, that the *dismissal* of the petition was entirely correct, and we may add that a dismissal of the petition should have been granted, as we think, forthwith, on its presentation. The petitioner had no standing in court to make the application. He showed no right to intervene in the action for divorce. He had no interest, legal or equitable, in the subject-matter of that suit. He was a mere naked intruder. Nor did the fact that he was the father of James G. Henry, who became the husband of the plaintiff following the decree of divorce, make his action other than simply intrusive. Not being a party to the action, and having no right to control it in any respect, and

being without interest in the subject-matter of it, he had no standing in court to be heard thereon. (*E. B.* v. *E. C. B.*, 28 Barb., 303; *Matter of Beers*, 5 Robt., 643.) The petition was properly dismissed, and on such dismissal it was competent for the court to impose costs against the petitioner, and this, even if it be now held that the court was without jurisdiction of the subject-matter of the application. The petitioner had submitted himself to the jurisdiction of the court by bringing before it other parties to be heard on the matter of his complaint as to which he sought redress, and the court assumed jurisdiction and undertook to adjudicate upon the subject of controversy. Under such condition of the case, it does not lie with the petitioner to deny that the court had jurisdiction, in order to escape liability for the costs of his proceeding. (*Cumberland C. & Iron Co.* v. *H. S. Coal Co.*, 39 Barb., 16; *King* v. *Poole*, 36 id., 242; *Thiem* v. *Madden*, 27 Hun, 371; *People* v. *Sturtevant*, 9 N. Y., 267.) But *quære*, is not the petitioner estopped from denying jurisdiction in this case? (*The People* v. *F. Ass. of Philadelphia*, 92 N. Y., 311; *Vose* v. *Cockcroft*, 44 id., 415.) In view of the decisions above referred to, and of our conclusions based thereon, we deem it unnecessary to pursue this inquiry.

The important question brought before the court on this appeal still remains to be examined, to wit, whether the Special Term had authority, on dismissing the application, to impose upon the petitioner the payment of $350 " as compensation" to the party called before the court by him, his " disbursements and counsel fees incurred in the proceeding." It is suggested by the appellant that the proceeding was inaugurated and continued by the court of its own volition and for its own protection and vindication, on suggestion by the petitioner that a fraud upon it had been perpetrated and its authority employed for the attainment of an unlawful purpose, and our attention is called to the opinion of the Special Term, which opinion is made part of the case before us, where it is said that " the court owes to itself and to the State the duty of carefully investigating such charges as have been made," and that " any person may call the attention of the court to what it has done in a case of this character * * * and the court will then act to protect itself and the public." Now, did it clearly and fully appear that the court had voluntarily and of its own volition entered or

directed the entry of the order for investigation, even conceding its right and power thus to proceed, instead of bringing the subject to the attention of the public officer having charge of criminal matters, the expenses of the proceeding could not be charged upon the party imparting the information, whatever might be the result of the inquiry so directed. But notwithstanding what was said by the Special Term in the opinion, it is made apparent that the proceeding was one instituted by the petitioner. He put the court in motion. He claimed the right in himself to have the decree of divorce vacated and annulled. The order to show cause (and indeed this was so as to each of the subsequent orders except the last one) was entitled "In the Matter of the Petition of Evan J. Henry." and such order and the subsequent proceedings purport to have been based upon his petition, and at his instance the persons named therein were required to show cause why the prayer of *his petition* should not be granted. Thus it is seen that he took the position of a moving party in the proceeding, and must be held to answer in the court to all the legal requirements and obligations of that position. He cannot escape liability for the costs and expenses of the proceedings, *on the ground* that it was not his proceeding, but was the independent voluntary action of the court for its own vindication and for the reason that such was not the fact.

This brings us to the consideration of the question of the imposition of costs. The action taken by the petitioner in court on his application for relief was either a special motion in the action of *Simmons* v. *Simmons*, in which case the allowance to be made to any party rested in the discretion of the court, and was limited by law to ten dollars, besides necessary disbursements for printing and referee's fees, or it was in the nature of a special proceeding "In the Matter of the Petition of Evan J. Henry," in which case the allowance for costs must, when granted, be at the rates allowed for similar services in an action. (See Code of Civil Pro., §§ 3251, 3240.) But the allowance in this case was not made under either of these sections. It does not purport to be so made. According to the order the allowance of $350 was not for costs at all, but it was made in gross "as compensation for disbursements and counsel fees" in the proceeding. It is so stated in the order itself. It seems very manifest that the allowance receives no ground of sup-

port under the sections of the Code cited, nor indeed has it support under any other express provision of law giving allowances to parties for costs, disbursements or counsel fees in an action or proceeding.

But the allowance is sought to be vindicated on the ground that it was made a condition of the order granted to the petitioner on his application to the court for a favor, and that, having *accepted* the favor, he cannot be heard to complain of the condition. The legal proposition here put forward is a sound one. (*Claflin* v. *Frenkel*, 3 Civ. Pro. R., 109 ; *Strong* v. *Jones*, 25 Hun, 319 ; *Bright* v. *Milwaukie Railroad Company*, 1 Abb. N. C., 14 ; *In the Matter of the Waverly Water - Works Company*, 85 N. Y., 478.) Then, was the petitioner's application granted upon the condition as claimed, that the court might, in the final order to be made in the proceeding, make the allowance here challenged as irregular and improper, and did he accept or take the benefit of an order imposing such condition? This he denies. The question of fact must be determined by an inspection of the record, and the order or orders themselves must control as to the imposition of the alleged condition. The first order following the order to show cause was the order of reference granted April 26, 1883. This order is without condition. It was resettled by the order of May 12, 1883, which remained without condition on its resettlement. While the reference directed by those orders was pending, and on July 7, 1883, an order was made by the judge, as is stated in the papers and as is conceded by counsel, "*on his own motion*," whereby, after reciting the omission of any condition in the order of reference, it was ordered as follows : "That the order of reference and intervention in this proceeding, and dated May 12, 1883, be and the same is hereby amended so that the court retains to itself power to make such order in regard to costs and compensation as it deems proper, and the order of reference and intervention is granted upon that condition." This order, which injects the condition into the prior orders of reference, is claimed to be wholly without authority and void, and it may be here noted that it does not appear that the petitioner ever accepted or took any proceeding under the order of reference after its attempted amendment of July seventh. It seems that an appearance was had before the referee on the seventeenth of

July, when he took the requisite oath as referee, and the counsel for the parties, other than for the petitioner, announced themselves ready to proceed with the reference, but the petitioner, by his counsel, declined to proceed and withdrew from the reference. No evidence was put in before the referee, and the latter made and signed his report to the effect that the petition should be dismissed. Thus it seems that no action was taken by the petitioner under the order as declared amended. Indeed he expressly refused to further proceed in the matter. It cannot, therefore, be held that he was bound by the condition imposed by the order of July seventh by reason of an acceptance of it as an amendment of the order of reference of May twelfth. Then had the order of July seventh any binding force? Was it of any validity against the petitioner? We are of the opinion that it was wholly without jurisdiction. It was made by the judge " on his own motion," and, in so far as can be discovered from the record, without the presence even of the parties, or at least of the party now sought to be bound by it. Certainly there is nothing in the record showing that such party was called before the court by any legal proceeding for the purpose of amending the order of reference. The contrary does in fact appear, for the order was made by the judge " on his own motion," that is, of his own volition, not on due application of any party; and this too appears from the recital in the order itself. So according to the record before us the judge on the seventh of July, on his own motion, without the presence of the parties, or notice to any party, made an order in the matter pending in the court changing and amending an order granted in such matter on the preceding May twelfth. A judge of the court has no authority, any more than has any third person, of his own motion, without having the parties before him in pursuance of some formal legal process or proceeding; or unless, being present, they consent that the subject may be then judicially considered, to make an order in a pending suit or proceeding, or even to correct an error in an order theretofore made therein. The same formalities are requisite to confer jurisdiction upon a judge or court to amend or correct an order previously granted in a matter in litigation as would be necessary to obtain the order in the first instance. We are of the opinion therefore that the order of July seventh was void for

want of jurisdiction in the court to make it, and it follows that the order of reference of May twelfth stood and stands without condition as claimed by the respondent on this appeal. If right in this conclusion the allowance of $350 to the respondent in the order appealed from was erroneous, and as to such allowance the order should be reversed.

The part of the order appealed from dismissing the petition of Evan J. Henry affirmed, and that part making an allowance of $350 to Sarah M. Henry against said petitioner and directing its payment by the latter reversed, without costs of appeal to either party.

LEARNED, P. J., and BOARDMAN, J., concurred.

So much of the order as dismisses the petition affirmed; so much as grants an allowance reversed.