FRED WILLITS

v.

CHARLES G. SLOCUMB.

*Injunctions—Dissolution in Part—Breach of Bond—Taxes—Pleading.*

1. Where an injunction enjoining the collection of separate and distinct taxes due to separate and independent corporations is dissolved as to part and sustained as to the remainder of such taxes, there is a breach of the bond.

2. In the case presented, it is *held:* That the breach as to attorney's fees was not well assigned; and that the demurrer to the declaration should have been overruled, the general breach assigned being sufficient to sustain a recovery of at least nominal damages.

[Opinion filed December 9, 1887.]

IN ERROR to the Circuit Court of Mercer County; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. BASSETT & WHARTON, for plaintiff in error.

Messrs. PEPPER & BROCK, for defendant in error.

LACEY, J.   This was a suit on an injunction bond executed by defendant in error, as surety for the Burlington Lumber Company in the sum of $500 in a bill of equity of the said Burlington Lumber Company, against plaintiff in error, filed in the Circuit Court March 3, 1886, praying the plaintiff in

error might be enjoined from doing certain things and acts in the bill mentioned, which said bond had a condition therein specified as follows: That if the said Burlington Lumber Company should well and truly pay to plaintiff in error all such costs and damages as should be awarded against it, in case the said injunction should be dissolved, then the said written obligation to be void, otherwise to remain in full force.

The declaration shows that upon the giving of the said bond a writ of injunction issued out of the said court, etc., enjoining the plaintiff in error, collector of taxes for the town of New Boston in said county to desist and refrain from collecting certain taxes levied and assessed against said Burlington Lumber Company for the year 1885, amounting to $204.96 until the further order of the court in the premises, and that the writ was duly served.  The declaration further avers that at the November term of the Circuit Court, 1886, such proceedings were had, to wit, on December 9, 1886, that it was adjudged and decreed by the said court that the said injunction should be dissolved as to all of the taxes so restrained except the city and bond taxes of the corporation of New Boston. The declaration further avers that the plaintiff in error was the collector of taxes in the town of New Boston for the year 1885, and at the time the said injunction was issued and served on him, he had the collector's books with warrants commanding him to collect certain taxes therein levied and assessed against the said Burlington Lumber Company for the year 1885, amounting to the sum of $204.96, all of which amount, to the sum of $115.92, was for State, town, road, bridge and school tax; that said injunction was dissolved as to all the taxes last aforesaid, and that the plaintiff expended and became liable to pay for attorney's fees and other expenses in defending the said injunction suit the sum of $100, which had not been paid, claiming the right to recover on the bond and damages to the sum of $500.

In this declaration a demurrer was sustained by the court, and plaintiff in error abiding his declaration, judgment was rendered against him for costs, and to reverse such judgment this writ of error is sued out.

The question arising on this record is whether there was any breach of the obligations of the bond; in other words, was the injunction dissolved in contemplation of law. And coming to particulars, the question arises whether the obligation to pay the penalty in the injunction bond is complete where the breach of the condition is to only a number of the taxes enjoined. The condition in the bond declared on, was that the obligation should be void if the injunction was sustained, and should be in force in case the injunction should be dissolved.

Now the injunction was only dissolved as to a number of the taxes, and sustained as to one. It was dissolved as to $115.92, and sustained as to the balance, $99.04, the latter being the city and bond taxes of the city of New Boston.

We are inclined to hold under the peculiar state of facts in this case, that there is a breach of the bond. It is seen the injunction is dissolved in whole so far as it went to a number of the taxes named in the writ. The taxes are due to as many distinct municipalities as there are kinds of taxes. No one of them has any concern with the other. The one is not authorized to defend or litigate for the other. The tax collector is the agent of all to collect merely. If the injunction had been sustained as to a part of each and dissolved as to a part, the matter would be different. There would be no breach, clearly, in that case. High on Injunctions is cited, second edition, paragraph 1678. It reads: "When an injunction is perpetuated in part, the plaintiff should not be required to pay costs, since he is the prevailing party as far as the injunction is allowed to stand, and it is error to decree costs against him." But this refers to cases unlike the one at bar, where the matters enjoined are separate and independent, and the amount due to separate and independent corporations, and are separate and distinct claims that are enjoined.

The bond fairly read would be so interpreted. The injunction itself is a several one in its nature. But the breach as to the attorney's fees, the special damages, is not well assigned. It is in these words: "And the plaintiff expended, and became liable to pay for attorney's fees and other expenses in defending said injunction suit, the sum of $100."

This *defending* refers to the entire suit and no particular part of it. If the plaintiff in error had paid out this entire sum for the city of New Boston for defending for it and paid nothing on the account of the taxes for which the injunction was dissolved, then he spent that sum in defending the *suit*. This might very easily be the condition of affairs and the defendant in error called on to defend a suit wherein the declaration does not show by necessary averments any liability.

Pleading is always taken most strongly against the pleader. If we do so in this case the declaration fails to show any breach as far as the special assignment of breaches is concerned. But the demurrer is a general one, and if there is enough in the declaration to sustain the cause of action without the special assignment of damages then the demurrer should have been overruled. We think there was. The averment showing that the injunction had been dissolved as to the taxes named, was, as we have shown, sufficient to show a breach of the bond.

It follows, therefore, without further assignment of breaches or damages the appellee was entitled to recover at least nominal damages. The general breach was sufficient for that purpose. The demurrer should have been overruled as a whole. It follows for the error of the court in not overruling the demurrer to the declaration the judgment is reversed and the cause remanded.

*Reversed and remanded.*