Walker v. Pritchard.

<br>

## JOHN WALKER, ADMINISTRATOR, ETC.,
### v.
## REUBEN M. PRITCHARD ET AL.

*Injunctions—Dissolution in Part—Not Breach of Bond.*

This court holds, where a temporary injunction was issued restraining an administrator from the collection of certain notes against the complainants, and the injunction was finally made perpetual as to most of the notes but dissolved as to part, that the dissolution of the injunction as to this part did not constitute a breach of the injunction bond.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of De Kalb County; the Hon. A. H. BARRY, Judge, presiding.

Messrs. GEORGE C. CHRISTIAN and LUTHER LOWELL, for appellant.

Mr. HARVEY A. JONES, for appellees.

LACEY, J. This is an appeal from a decree of the court below upon the assessment of damages on an injunction bond. The appellees, Reuben M. Pritchard, Elliott Pritchard and Elothia Pritchard 2d, minor heirs of E. A. Pritchard, deceased, by Sarah E. Pritchard, their next friend, filed a bill in equity against appellant, John Walker, administrator of E¹othia Pritchard, deceased. The appellant had possession of certain notes, claiming the title in them for the benefit of the estate, as follows: Two notes of Ethan Pritchard payable to Elothia Pritchard, deceased, secured by mortgage of Oct. 12, 1858, for the sum of $532, which appellant had brought bill to foreclose. Reuben M. Pritchard, one of the appellees, had also executed certain notes, one of Dec. 15, 1865, for $925.98; one of July 26, 1869, for $600; Nov. 28, 1870, for $180; one April, 1871, for $61.72, payable to Elothia Pritchard, now deceased. The said Reuben M. had one executed to appellant as administrator of Elothia Pritchard, deceased, about Jan. 20, 1870; five other notes amounting to $352.07, and with interest, to $796. Several suits at law had been brought by appellant to collect the above described notes, to wit, two against appellees Sarah E. Elliott and Elothia Pritchard 2d, and two against Reuben M. Pritchard, one of the appellees, on the notes signed by them respectively. This bill was filed praying for a writ of injunction to restrain appellant from prosecuting said suit or from collecting any of the notes in question, and claiming the said notes were the sole property of the complainants in the bill and not the property of the administrator who, it was claimed, had illegal possession of them.

The facts of the case will more fully appear by reference to the decision of the case in the Appellate and Supreme

Courts—Pritchard v. Walker 22 Ill. App. 286, and Walker v. Pritchard, 121 Ill. 221.

The court ordered a temporary injunction upon giving the bond in question, which bond was duly executed. The suit was finally tried by the Circuit Court, no motion having been made to dissolve the injunction till the final hearing, upon which the court sustained the injunction and made it perpetual as to all the said notes and suits except the one against Reuben M. Pritchard on the five small notes given by him to appellant, and as to those and to the suit to recover thereon the injunction was dissolved, and thereupon the suggestion of damages on the injunction bond was filed by appellant's counsel and afterward amended, claiming damages for attorneys' fees claimed by appellant to have been expended in defending the injunction suit and procuring its dissolution so far as it was dissolved, and also claiming damages on account of the loss of the five notes in question on account of the insolvency of Reuben M. Pritchard, occurring after the issuing of the writ of injunction and the dissolution of the same as claimed.

The court below, upon hearing, refused to allow to appellant any damages on account of the loss of the notes in question but allowed him $150 damages as attorneys' fees. From that decree this appeal was taken and the appellee comes into court here and assigns cross-errors, alleging as grounds for error the allowance by the court below of attorneys' fees. The appellant assumes that there was a breach of the injunction bond and insists as a direct consequence he has sustained a loss of the entire notes, claiming that the proof is sufficient to show that Reuben M. Pritchard was solvent at the time the injunction was granted and during the pendency of the chancery suit became insolvent and removed from the State and was still insolvent. The proof is probably sufficient to show that fact, at least *prima facie*. The appellee presents a number of reasons why the amount of the notes should not be assessed on the injunction bond as damages and also reasons why no attorneys' fees should be allowed to appellant. But as one of the reasons urged against the

allowance of *any* damages in our opinion is sufficient and decisive, we will only notice that one.

It is insisted by appellees that within the meaning of the injunction bond it has never in fact been dissolved. We will proceed to notice that question. The injunction bond is in the usual form. The obligors agree to pay to the obligees, "All such costs and damages as shall be awarded against the complainant in case the injunction shall be dissolved." The question presented here is whether, in case the injunction is made perpetual as to the greater amount or to any amount of the matters enjoined, it is not in law a sustaining of the injunction; it is dissolved within the meaning of the bond.

We are satisfied that the greater weight of authority is to the effect that in such event the injunction is not dissolved so as to forfeit the bond, though this rule may have some exceptions. The injunction is a writ and must be regarded as an entirety as spoken of and referred to in the language of the bond. The injunction, then, in order to constitute a breach of the bond, must be dissolved in whole. To say that the bond is forfeited by a partial dissolution would be to put words into the bond not found there. That is, we should make it read that " All such costs and damages as shall be awarded against the complainant in case the injunction shall be dissolved *in whole or in part* should be paid by the obligors." The statute neither contains these words nor does the bond, and we think it would be unwarranted to substitute them by judicial construction. The effect of doing so would be to compel the securities to pay the assessment of damages as to the notes in question and the attorneys' fees. As to securities, bonds of this kind are, in law, to be reasonably strictly construed as against the obligee and in favor of the securities, and words can not be supplied by implication. Ovington v. Smith, 78 Ill. 250. This case was one where, in an injunction bond, the obligation was to pay the obligee such damages as Smith and Schroder should recover against him. Schroder alone recovered damages and it was held under the terms of the bond he could not recover on it.

The appellant complains of the hardship of being tied up by the injunction from prosecuting his suit at law on the

notes till the chancery suit was finally decided, and by reason of the accruing insolvency of the maker in the meantime, the loss of the notes. This may be so, and yet it is a no greater hardship than nearly all litigants may be put to when they are compelled either to prosecute a lawsuit to attain their rights or defend an unjust lawsuit. In this case the appellees were compelled at great expense to prosecute this suit to attain their rights, for the sequel shows that they were legally entitled to the greater part of these notes. The entire claim of the appellees was strenuously contested through all the courts. But such is the policy of the law, that appellees must bear all this cost and expense themselves, without recourse on appellant, who caused the injury by not allowing their claim without litigation. The Supreme Court of the United States in Russell v. Foley, 105 U. S. 446, has well said in answer to a similar complaint in a case much like this :

"That damages are sustained is very true. Such litigation as this could hardly fail to result in damages to all the parties engaged in it, but it is generally *damnum absque injuria*." As a general rule of law one may sue another and put him to great cost and damages, and yet without the suit is maliciously prosecuted there can be no recovery by the defendant against the plaintiff, and it is only by special provision of our statute that bonds of this nature are required.

In the case of Russell v. Foley, *supra*, there were three lots of iron enjoined from sale, and on final hearing the injunction sustained to more than one-half of it, and dissolved as to the residue, but this was held not to have been a breach of the bond.

This court has recognized the general rule in the case of Willitts v. Slocumb, 24 Ill. App. 484, though that being an exceptional case, damages were sustained. High, in his work on Injunctions, fully recognizes the rule. He says, "Where an injunction is perpetual in part, plaintiff should not be required to pay the costs, since he is the prevailing party, as far as the injunction is allowed to stand, and it is error to decree costs against him." High on Inj., 2d Vol., Sec. 1678, 2d Ed., citing Cumberland Co. v. Hoffman & Co., 39 Barb.

16.   Other authorities might be referred to, but we deem those sufficient.   It therefore follows that the court below correctly refused to allow the notes as an item of damages for assessment on the injunction bond.

For the same reasons no attorney's fees should have been allowed; for if there was no breach there could be no assessment of damages for anything.

The decree of the court below will therefore be affirmed as to everything except as to the allowance to appellant on the assessment of damages for attorney's fees, $150, and the decree as to this allowance and as to all costs on the assessment is reversed.

*Decree affirmed in part and reversed in part.*