STALLMAN *et al.* v. KIMBERLY *et al.*

(*Supreme Court, General Term, First Department.* October 24, 1890.)

COSTS—TAXATION—EXTRA ALLOWANCE.

> Plaintiffs having brought three actions against defendants, it was stipulated that the first and third actions should abide the second, and that in that action an additional allowance of 5 per cent. on the value of the goods recovered should be made. The verdict therein was for plaintiffs, but on appeal defendants were successful, and obtained an allowance pursuant to the stipulation. The first action was discontinued on payment of costs, and a motion was made for leave to discontinue the third action also on payment of costs. *Held,* that the court, having discretion, under Code Civil Proc. N. Y. § 3253, to award an allowance additional to the costs, where a defense has been interposed, might impose, as a condition on discontinuance, payment of such an allowance, that made in the second suit appearing to be insufficient.

Appeal from special term, New York county.

Action by John H. Stallman and John Fulton, Jr., against Agnes L. Kimberly and Charles W. Johnson, to recover possession of certain personal property. From an order granting leave to discontinue the action on payment of the costs, and of an extra allowance of 5 per cent. on the value of the goods which it was sought to replevy, plaintiffs appeal.

Code Civil Proc. N. Y. § 3253, provides that, "in a difficult and extraordinary case, where a defense has been interposed," the court may, "in its discretion, award to any party a further sum," in addition to the costs, "not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Preston Stevenson,* for appellants. *Charles Stewart Davison, (Sherman Evarts,* of counsel,) for respondents.

DANIELS, J. The plaintiffs commenced three actions of replevin to recover the possession of personal property. Their right to maintain the actions depended upon the construction to be given to the act concerning warehousemen, and their storage of goods. The second action alone was tried, and a verdict recovered in favor of the plaintiffs, and it was stipulated that the other two actions should abide the final result of the action so tried, and that an additional allowance of 5 per cent. upon the value of the goods should be made in that action. The general term set aside the plaintiffs' recovery, and a report of the decision has been made in 6 N. Y. Supp. 706. An appeal was taken to the court of appeals, where this decision was affirmed, (24 N. E. Rep. 939,) and an allowance was obtained by the defendants, pursuant to the stipulation. The first action was discontinued upon the payment of the costs, and an application was made to the court for leave to discontinue this action,

and that leave was given upon the payment of costs, together with an allowance amounting to $267. That an allowance may be made after issue joined upon the discontinuance of an action follows from the language of section 3253 of the Code of Civil Procedure, and it has been so understood by the courts. *Coffin* v. *Coke*, 4 Hun, 616; *Bright* v. *Railroad Co.*, 1 Abb. N. C. 14; *Robins* v. *Gould*, Id. 133; *Society* v. *Coe*, 15 Hun, 440. That the case was a difficult and extraordinary one has not been denied. It depended, as the other two also did, upon the construction which should be placed upon this act of the legislature. The value of the property recovered in the action which was tried was the sum of $1,820.70, and the allowance accordingly was necessarily small in its amount. In this action the value of the property in dispute was very much larger, and the court, considering the nature of the litigation, and of its dependence upon the construction of this act, made the further allowance in this action as being no more than an adequate amount to compensate the defendants for their services in resisting the litigation. It was probably intended by the order in this action to increase the allowance beyond the amount allowed in the second action to such a sum as would appear to correspond with the value of the property involved, and the question upon which the right to it depended. There was nothing unreasonable in making the addition which the court did in this action in this manner to the allowance in the preceding suit, and the order should be affirmed, with $10 costs besides the disbursements. All concur.