## TOWNSEND *a.* PLATT.

*New York Common Pleas; Special Term, October,* 1856.

### ANSWER.—IRRELEVANT ALLEGATIONS.

In an action to recover securities pledged with defendants, the defendants, in their answer, denied knowledge, &c., sufficient to form a belief whether the securities *belonged* to plaintiff; and then averred that the securities were delivered to them by plaintiff as collateral to debts yet unpaid.

    *Held,* 1. That the first clause of the answer would, by itself, have formed a good issue.

    2. That it was not rendered irrelevant by the addition of the second.

Motion to strike out a part of defendants' answer.

This action was brought by Samuel Townsend against G. W. and N. C. Platt. It is the action in which the decision upon a motion to require plaintiff to receive an amended answer, reported Ante 323, was made.

The complaint showed that, in 1855, the defendants became possessed of certain real estate securities, railroad bonds, &c., the property of the plaintiff; that the plaintiff had demanded them, but the defendants had refused to deliver them up.

The amended answer, among other things, denied knowledge or information sufficient to form a belief as to whether the securities were the property of the plaintiff, and therefore denied the same. It further set up as a separate defence that defendants had made advances to plaintiff;—that the securities in question were given to them *by plaintiff* as collateral security for the payment of his notes given for the advances;—that those notes were yet unpaid;—and that defendants were willing to deliver up the securities on being paid the balance due them on the notes.

The plaintiff now moved to strike out so much of the answer as denied plaintiff's title to the securities, as being irrelevant and redundant.

*S. Sanxay* for the motion.—The old rules of pleading

prescribed that a party might *confess and avoid*, or *traverse and deny* a precedent pleading; he could not do both. This rule is not changed by the Code; but is substantially re-enacted (§ 149). In this case, the defendants traverse plaintiff's title, and yet set up a lien in their own behalf, predicated upon *that very title*, by means of which they hold the property, and from whence their lien sprung. Now, if they wish to insist upon the lien, they cannot be permitted to say that they do not know that the securities upon which the lien rests, were not the property of the person from whom they received them, and who, they allege, created the lien. They should have pleaded by way of confession and avoidance under these circumstances; thus, by not denying property in plaintiff, they should say, in substance and effect:—We admit the securities were the property of the plaintiff, and we avoid the charge of conversion, because we have a lien on them for a balance of money due, for which they were pledged, and we offer to surrender them upon payment of the balance due us. This will be the issue in effect by striking out the first part, and will leave the true question open for trial, that is, whether such a lien exists.

It cannot be said that the denial first mentioned may be predicated on the idea of property in a stranger, for if this be so, it must be specifically pleaded, and the stranger designated, and, besides, this would be inconsistent with the idea of the existence of a lien created by plaintiff, as alleged in the latter part of the answer; for in that case, or if he acted as agent, the lien could not have been created by him, as alleged, but would have been for his principal, and as his act.

*Abbott Brothers* opposed.—I. The clause objected to is simply a denial of one of the plaintiff's allegations, and the plaintiff having made the allegation, even if it were immaterial, cannot move to strike out the defendants' denial of it. (King *v.* Utica Ins. Co., 6 *How. Pr. R.*, 485; Anon., 2 *Code R.*, 67; and see Catts *v.* Surridge, 9 *Q. B. R.*, 1015; Tallis *v.* Tallis, 11 *Eng. L. & Eq. R.*, 457.)

II. The plaintiff's allegation of ownership is material, therefore traversable. Unless he is the owner of the property in question he cannot maintain the suit. (2 *Selwyn's Nisi Prius*,

1377; Shelden *v.* Soper, 14 *Johns.* 353; Heyl *v.* Burling, 1 *Caines,* 14.)

III. The form of the denial is unobjectionable. Even if the plaintiff's interest in the property were peculiarly within the knowledge of the defendants, their denial would be regular in form, the only remedy would be to strike it out as sham. (*Code,* §§ 160, 152; Leach *v.* Boynton, 3 *Abbotts' Pr. R.,* 1.)

IV. But in fact the defendants have no means of knowing whether the plaintiff owns the property or not, and they have a right to put him to his proof, or even to show ownership in another.

INGRAHAM, F. J.—The complaint is for certain property alleged to belong to the plaintiff, subsequently converted by the defendants.

The defendants, in their answer, allege want of knowledge or information sufficient to form a belief whether the property belonged to the plaintiff,—and then set up that the goods were delivered by the plaintiff to the defendants, and that defendants claim to hold them as securities for moneys advanced thereon by the defendants. The plaintiff moves to strike out the first part of the answer as irrelevant and redundant.

There can be no doubt that the clause referred to, by itself forms a good issue, and could not therefore be stricken out as irrelevant.

The addition of the second part of the answer does not have the effect to render the former part irrelevant.

It may be, that on the trial, the proof of possession of the property and delivery of it to the defendants, as admitted in the answer, would be sufficient to make out a *prima facie* case of title on the part of the plaintiff; but it by no means would be conclusive. Without the denial of title, the admission would be perfect, and the defendants could not show such want of title. There may be many cases where a party is not the owner of property, and still obtains money by pledging it, and the defendant could in an action set up both defences. Take, for instance, the case of stolen property, on which the thief obtains a loan of money. The defence of money ad-

vanced upon it would be a good defence to an action brought by him for the recovery of it, but would not, by any means, estop the defendant from showing on the trial that the property had been stolen, and that the plaintiff was under no circumstances, entitled to the possession of it.

It may be that there is no foundation for the defence as to the plaintiff's title, but the Code permits such a defence, and there is nothing in these papers which warrants me in saying that it is redundant or irrelevant.

Motion denied.