## CUMINS v. LAWRENCE COUNTY.

1. An answer alleging that defendant has no knowledge of information of a fact sufficient to form a belief as to whether the allegations of the complaint are true or not, is not, strictly speaking, a denial of any fact alleged. But the statute has authorized this form of a denial; and, when properly set up in an answer, it forms a complete issue. A denial in this form is deemed a sufficient defense to require the plaintiff to prove his case.

2. Had the organic act of Dakota Territory limited the amount of the annual tax to a fixed sum or rate on each dollar of assessable property, that county authorities could levy, then bonds issued in excess of such limitation might be void even in the hands of *bona fide* holders. Not so, however, with a legislative restriction or limitation. The same power which limits or restricts can remove or suspend the restriction or limitation in any given case.

3. In pleading a fraudulent issue of bonds, it is not sufficient to do so in general terms. Specific facts constituting the presumption of fraud must be alleged.

4. If the pleader desires to show a partial want of consideration for any or all of the bonds which are the subject-matter of the suit, he must allege and prove the particular part claimed to be without consideration.

(Syllabus by the court. Argued Feb. 12, 1890. Opinion filed June 25, 1890.)

Appeal from district court, Lawrence county.

Action to recover upon certain coupons detached from bonds issued by defendant, Lawrence County. Judgment for plaintiff. Defendant appeals. Reversed.

The facts are stated in the opinion.

*W. G. Rice, State's Attorney, Lawrence county,* for appellant.

The plaintiff alleges in his complaint that he is a *bona fide* holder of the bonds and coupons by assignment, transfer and delivery for value. This is a material and necessary allegation. § 74, Chapter 7, Code Civil Procedure. The defendant in its answer alleged that it had no knowledge or information as to the truth of this allegation of plaintiff's sufficient to form a belief, and therefore denied the same. This put that allegation in issue, and it was error for the court to hold the answer bad on demurrer. Chadwick v. Booth, 22 Howard Pr. 23; Flood v. Reynolds, 13 Howard Pr. 112; Temple v. Murray, 6 Howard Pr. 329.

The answer also alleges that the warrants for which the

bonds in question were issued were fraudulent, and that the bonds were issued by the board of commissioners of the defendant county without authority and to an amount in excess of their power, and charges the plaintiff with knowledge of these facts. These facts constitute valid defenses. Buchanan v. Litchfield, 102 U. S. 278; Orleans v. Platt, 99 U. S. 682.

*Martin* and *Mason*, for respondent.

All the allegations of defendant's answer must be construed together. The fact that in one paragraph of its answer the defendant admits that the coupons sued upon are in the possession of the plaintiff and were in his possession at their maturity, must be considered with the denial upon information and belief that the bonds and coupons were duly assigned, transferred and delivered to the plaintiff for value and came lawfully into his possession, and that plaintiff is a *bona fide* holder thereof. Dole v. Burleigh, 1 Dak. 234. This admission qualifies and entirely destroys the effect as a pleading of the denial upon information and belief. The possession of the coupons and bonds is *prima facie* evidence of good title and that the possessor became the holder for value, at its date in the usual course of business without notice of equities. Seeley v. Engel, 17 Barb. 530; James v. Chalmers. 6 N. Y. 209; Holden v. Kirby, 21 Wis. 149; Collins v. Gilbert, 94 U. S. 753; Phelan v. Moss, 67 Pa. St. 63; 2 Daniels Neg. Inst. 1503: Murray v. Lardner, 2 Wall, 101. The denial is bad, for the reason that it contains four negatives pregnant. It simply denies that the coupons sued upon were transferred to the plaintiff before the first day of March, 1888. This impliedly admits that they were so transferred on some other date. Dole v. Burleigh, 1 Dak. 227; Schaltzel v. Ins. Co. 22 Wis. 412; Canefield v. Sanders, 17 Cal. 569. Davison v. Powell, 16 How. Pr. 467; Baker v. Bailey, 16 Barb. 54. It denies that they were *duly* assigned, which admits they were assigned, and simply denies a conclusion of law, not the fact of assignment. Bliss Code Pleading, § 332; Pomeroy's Rem. § 618 *et seq*; Lumber Co. v. Keefe, 41 N. W. 743; Harden v. R. R. Co. 4 Neb. 521; Crane Bros. v. Morse, 49 Wis.

368.   It denies that they were transferred for a *valuable* consideration, which admits that they were assigned for a sufficient consideration.   Arthur v. Brooks. 14 Barb. 533.

The answer pleads no affirmative defense.   The county commissioners were authorized to fund the outstanding indebtedness of the county by the provisions of the funding act. The bonds on their face recite they were issued under that authority.   A *bona fide* purchaser for value is not bound to look behind that authority and the recitals in the bond.   Moran v. Commissioners, 2 Black, 722; Commissioners v. Aspinwall, 21 How. 539; Marcy v. Oswego, 92 U. S. 637; Walnut v. Wade, 103 U. S. 695; Lincoln Township v. Iron Co. 103 U. S. 412; Civil Code, § 914.   It is not sufficient to plead that an obligation was obtained by fraud generally; the facts constituting the fraud must be specifically alleged.   Bliss Code Pleading, §§ 211, 339; Nation v. Cameron, 2 Dak. 347; Cohn v. Goldman, 76 N. Y. 284; Capuro v. Ins. Co. 39 Cal. 123; Hess v. Young, 59 Ind. 379; Ockendon v. Barnes, 43 Ia. 615.

BENNETT, J.   This action is brought by the plaintiff, Theron Cumins, to recover the sum of $7,380, due March 1, 1888, upon 131 coupons detatched from bonds which were issued by Lawrence county, Dak, under the provisions of a legislative enactment of the Territory of Dakota, entitled "An act authorizing the board of county commissioners of Lawrence county to fund the outstanding indebtedness thereof, approved February 21, 1879.   This action is resisted upon the part of Lawrence county because, as it alleges, that it did not receive value for the bonds so issued, and that they do not evidence any indebtedness on which is liable.   It also denies that the bonds and coupons attached were duly assigned transferred and delivered to the plaintiff for value or that they came lawfully into his possession as a *bona fide* holder; and it also denies any indebtedness from the county to the plaintiff.   By way of affirmative defenses, the defendant alleges:   "(1) That the pretended outstanding indebtedness of said county, and the amount for which said pretended bonds were issued, was three hundred and seventy-five thousand and fifty ($375,050) dollars, and the

assessed valuation of said county at the date of the issuance of said pretended bonds was about four million ($4,000,000) dollars. (2) That at the time of the issuance of said bonds, the outstanding warrants of said county, and for which said pretended bonds were issued, were greatly depreciated in value, not being worth in the market to exceed twenty to thirty cents on the dollar, and no proposition was ever submitted to a vote of the people of said county as to whether or not a greater rate of tax than that provided by law, should be levied; all of which facts were known to plaintiff, as defendant is informed and verily believes. (3) That large numbers of the outstanding warrants of said county, on the 1st day of July, A. D. 1879, were fraudulent and void, and evidenced no indebtedness on which the county was liable, for the reason large numbers of said warrants were issued by the board of county commissioners in amounts largely in excess of the real amounts due to the parties in whose favor they were issued; and the pretended bonds issued in funding said warrants were illegal and void, and were not binding on the county, unless in the hands of *bona fide* holders for value, and without notice; and, as to whether or not plaintiff is such holder, defendant has no knowledge or information sufficient to form a belief, and therefore denies the same, and remits plaintiff to proof thereof. (4) That the pretended indebtedness of said county, as evidenced by said bonds, was not a valid obligation of said county, for the reason that the outstanding indebtedness of said county on the 1st day of July, A. D. 1879, was three hundred and seventy-five thousand and fifty ($375,050) dollars, being largely in excess of any valid indebtedness which said county could incur; the taxable property of the county at that date being about four millions ($4,000,000) dollars. (5) that no proposition to fund the outstanding indebtedness of said county was submitted to the people of the county prior to the issuance of said bonds." To the answer of defendant, the plaintiff files a demurrer, and for cause alleges that it does not constitute a counter-claim, or a defense to the cause of action, which demurrer was sustained

by the court below.   No amended answer being filed, judgment was rendered for the plaintiff for $7,380 and costs; from which judgment defendant appeals.

The question presented by the assignment of errors is, does the answer of the defendant raise an issue of fact or law which, if true, constitutes a good defense to the action? By filing the demurrer, the plaintiff admits all the facts contained in the answer to be true, but denies their sufficiency in law. The issuance of the bonds by the county commissioners under the legislative act of February 21, 1879, is admitted by the de- fendant; but that plaintiff is a *bona fide* holder for value is denied.

Paragraph 4 of plaintiff's complaint is as follows:   "That before the 1st day of March, 1888, the said bonds, and the said coupons attached, were duly assigned, transferred, and deliv- ered to this plaintiff, for value, and came lawfully into his pos- session, and plaintiff is a *bona fide* holder thereof." The plain- tiff, by this averment, says he is *bona fide* holder of the bonds and coupons mentioned in his complaint, by transfer, assign- ment, and delivery, for value.   This is material:   (1) To show that he is the real party in interest, in order to maintain his suit.   The coupons were made payable to bearer; but, if plain- tiff was neither the owner nor holder for value, they were not promises to pay him.   Hence, it was material to his case to aver this fact.   (2) Because upon this fact is to be determined the nature of the defenses which might be interposed to the action.   If he was an innocent purchaser for value, before ma- turity, the bonds being negotiable instruments, equitable de- fenses would be cut out.   To this averment of plaintiff the de- fendant's answer is as follows:   "As to Paragraph No. 4 in each of plaintiff's causes of action, as alleged in the complaint herein, defendant has no knowledge or information sufficient to form a belief, and therefore denies the same, and remits plaintiff to his proof thereof."   The sole object of the plaintiff's allegations was to show a good and valid title to the coupons, and we think this is sufficiently put in issue by the answer of defendant.   It is true that an answer which alleges that de-

fendant has no knowledge or information of a fact sufficient to form a belief, or as to whether the allegations of the complaint are true or not, is not, strictly speaking, a denial of any fact alleged. But the statute has authorized this form of a denial, and, when properly set up in an answer, it forms a complete issue. The Code provides that the answer of the defendant may contain a general or a specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. Comp. Laws, § 4914. The Code thus authorizes either of these forms of the denial of the allegations of a complaint. The first two are direct denials of some or all of the allegations in a complaint. The last is not a denial of any fact alleged, but is a mere denial of any knowledge or information as to the alleged facts sufficient to form a belief in respect to their existence or non-existence. The first two forms of denial are distinct defenses. The latter is a mere statutory defense. That a defendant has no knowledge or information sufficient to form a belief whether the allegations of a complaint are true is of no consequence as an abstract proposition, and of itself is no defense; but the statute has permitted the defendant to put any or all the material allegations of a complaint in issue by this form of pleading, and has declared that, for the purposes of a pleading, a denial in this form shall be deemed a sufficient defense to require the plaintiff to prove his case. Flood v. Reynolds, 13 How. Pr. 112; Townsend v. Platt, 3 Abb. Pr. 325; Leach v. Boynton, Id. 1; Richter v. McMurray, 15 Abb. Pr. 349; Livingston v. Hammer, 7 Bosw. 670. A defendant, after having alleged that he has no knowledge or information sufficient to form a belief as to the truth of the allegations of the complaint, is not required to add to this a statement that he therefore denies the same, as the denial, in the words of the Code, forms a complete issue, and such an issue is not aided by such additional averment.

But the respondent's counsel insists that this denial is bad on demurrer, in that it contains negatives pregnant. To make this apparent, he contends that this paragraph of the answer

must be construed in connection with Paragraph 6 of plaintiff's complaint, which is as follows: "(6) That on or about the 1st day of March, 1888, the said coupon, and each and all of the coupons referred to in this complaint, were duly presented by this plaintiff, through the Merchants National Bank of Deadwood, Dak., his agent for that purpose appointed, at the office of the county treasurer of said county, and payment thereof refused. That at the same time a written demand was made upon the treasurer of said county, in writing, for the payment of said coupons, and each of them, and the said treasurer thereupon refused to pay the same, or either of them, and reduced his refusal to writing, and signed the same; that a copy of the said written demand and refusal is hereto attached, marked 'Exhibit A,' and made a part of this complaint; that each and all of the said one hundred and thirty-one coupons described in this complaint are still in the possession of this plaintiff, in the hands of his agents and attorneys, Martin & Mason, of Deadwood, Lawrence county, Dak., and the same, and each of them, have been exhibited by his said attorneys to Donald A. McPherson, Esq., chairman of the board of county commissioners of said Lawrence county, and to W. G. Rice, Esq., district attorney for the said county, defendant. By an ingenious argument the learned counsel attempts to make a denial for the appellant that cannot be sustained. These paragraphs have no reference to each other, as to the facts alleged. The allegations of Paragraph 4 of plaintiff's complaint are as to the transfer, assignment, and delivery of the bonds to the plaintiff. The allegations of Paragraph 6 of plaintiff's complaint have reference to their presentation for payment to the county treasurer, and his refusal to pay them, and that they are still in plaintiff's possession. These are separate and distinct allegations, and are susceptible of separate and distinct answers, admissions or denials. Paragraph 4 of complaint was statutorily denied by defendant. Paragraph 6, above quoted, was virtually admitted, by being neither denied nor admitted. That admission cannot, by any construction of language, have any effect upon the denial of defendant made to Paragraph 4.

The second ground upon which respondent relies to sustain his demurrer is that the answer sets out no affirmative defense to the bonds or coupons sued on. The answer admits the issuance of bonds and coupons as alleged in the complaint, but by way of defense asserts that these bonds were issued for the sum of $375,050, bearing an annual interest of 10 per cent., while the assessed valuation of the county was only $4,000,000, and that no vote of the people of the county was ever had for the issuance of said bonds, or that a greater tax than that provided by law should be levied. The answer also alleges that, at the time the bonds were issued, the warrants of the county which were taken up were not worth on the market to exceed 20 or 30 cents on the dollar. The funding act of 1879, under which these bonds were issued, is silent on the question of submitting the matter to a vote of the people, but amends and modifies all acts and parts of acts inconsistent with its provisions. The sections of the Compiled Laws ( Sections 1589 and 1666 ) in relation to the limitation of the amount of annual taxes to be levied, and as to extraordinary expenditures, are simply legislative provisions, subject to change, modification, or suspension by legislative will; and these were so modified and suspended by the funding act, under which authority these bonds were issued. It is true that, had the organic act limited the amount of annual tax to a fixed sum or rate on each dollar of assessable property, that county authorities could levy, it might be a different question; and as held in Buchanan v. Litchfield, 102 U. S. 278, bonds issued in excess of such constructional limitation might be void even in the hands of *bona fide* holders. Not so, however, with a legislative restriction or limitation. The same power which limits or restricts, can remove or suspend the restriction or limitation. The act authorizes the county commissioners to fund the outstanding indebtedness of the county existing July 1, 1879. It was clearly their duty to fund all the valid indebtedness. The bonds, upon their face, recite that they are issued under that particular act. A purchaser is hereby assured that the commissioners have done their duty; and such recitals in the bond, while they are in the

hands of a *bona fide* holder for value, may be conclusive upon the municipality. The value of the warrants that were taken up at the time of the issuance cannot be taken into account in determining the validity of the bonds. So far as they were concerned, every dollar of them represented a dollar of indebtedness of Lawrence county, which the legislative enactment authorized to be funded, provided the issuance of the warrants was *bona fide*, and not tainted with fraud. If, from any cause over which the county commissioners had no control, the warrants had become greatly depreciated on the open market, it might have been a wise and judicious financial policy to have provided some other way by which this floating indebtedness could have been paid off and canceled, but with this we have nothing to do. The only question for our determination is, did the commissioners act within the scope of their authority as public agents, so as to make their acts binding upon the county, while these bonds and coupons are held in the hands of *bona fide* purchasers for value? So far as the question attempted to be raised in the first and second affirmative defenses of defendant is concerned, we think they did; and these defenses cannot be considered as good to destroy the validity of these bonds.

The other affirmative defense of defendant states "that a large number of the outstanding warrants of the county on the 1st day of July, A. D. 1879, were issued by the board of commissioners in amounts greatly in excess of the real amounts due the parties in whose favor they were issued." From the wording of this allegation, it is hard to determine whether the pleader intended to assert a fraudulent issue of the bonds by the board of commissioners, or that he wished to plead a partial want of consideration in those which were issued. In either case, his allegations are defective. If his intent was to assert a fraudulent issue of the bonds by the board, it is not sufficient, because the fact is alleged in general terms. Specific facts constituting the presumption of fraud must be alleged. If this allegation was for the purpose of showing a partial want of consideration for any or all of these bonds, he must allege and prove the particular part claimed to be without consideration·

otherwise the holder can recover full amount of the bonds.

But for the issue raised by the answer as to the transfer, assignment, and delivery of the bonds and coupons in question to plaintiff, we should be inclined to sustain the ruling of the court below. This, however, being a material issue, the determination of which may involve what defenses should be interposed to the cause of action, we must hold that the demurrer was improperly sustained as to this part of the answer. Therefore the judgment of the court below is reversed, and cause remanded.