HILL v. WALSH, Sheriff.

1. An answer which contains an absolute and unqualified denial of one or more material allegations of the complaint, without proof of which plaintiff cannot recover, is not demurrable as not stating facts sufficient to constitute a defense.

2. Where an answer contains such a denial, and a further affirmative defense, a demurrer to the answer as a whole is properly overruled.

3. A demurrer to the answer generally, on the ground that it "does not state facts sufficient to show that the plaintiff is estopped from maintaining the said action," does not state a ground of demurrer, under the Code, and was properly disregarded by the court.

(Syllabus by the court. Opinion filed Dec. 27, 1894.)

Appeal from circuit court, Hand county. Hon. H. G. FULLER, Judge.

Action by Austin D. Hill against Daniel Walsh, as sheriff of Hand county, in claim and delivery. A demurrer to the answer was overruled, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*C. G. Hartley*, for appellant.

Cited Harris v. Hansen, 11 Me. 241; Wade Attach. sec. 132; Walker v. Woods, 15 Cal. 67; Hines v. Chambers, 19 Minn. 7; Dayton v. Fry, 29 Ill. 526; Thornburgh v. Hond, 7 Cal. 554; Wells on Repl. sec. 301; Noble v. Holmes, 5 Hill 195; McMun v. Whelon, 27 Cal. 300; Crippen v. Hudson, 10 N. Y. 161; Reubins v. Joel, Id. 488; Van Etten v. Hurst, 6 Hill 311.

*Baldwin & Frederick, John Pusey, E. H. Wilson*, and *McLaughlin & Morrison*, for respondent.

A general demurrer must be overruled when the answer puts in issue one, material allegation of plaintiff's complaint. Baylies Code Pl. 212; Tuppev v. Thompson, 4 N. W. 621; Bank v. Nathon, 9 N. W. 626; Ruth v. Ruth, 12 N. W. 108; B. & M. Railroad v. Young Bear, 24 N. W. 377; Town v. Village, 30 N. W. 672; Flint v. Dulang, 15 Pac. 208; Angaletos v. Meridien, 31 N. E. 378; Firestoul v. Werner, 27 N. E. 623; Ordway v. Cowles, 25 Pac. 862.

KELLAM, J.   Appellant, as plaintiff, brought this action in claim and delivery against respondent, as sheriff, to recover a stock of goods, or its value, of which appellant claimed to be the owner, and as such entitled to the immediate possession. The answer admitted the taking, and justified under attachments issued to him, as such sheriff, against one Nancy J. Fulton, from whom it was alleged the property taken was fraudulently acquired by the plaintiff.   The allegations of the answer will be more particularly noticed as we proceed.   The plaintiff demurred to the answer on the grounds (1) that it does not state facts sufficient to constitute a defense; and (2) that it does not state facts sufficient to show that this plaintiff is estopped from maintaining said action."   The court overruled the demurrer, and plaintiff appeals.

As the foundation of his right to recover this property, the plaintiff, in his complaint, alleged that "he is the owner, * * * and as such owner is entitled to the immediate possession," etc.; thus resting his cause of action upon his ownership, and resultant right to possession.   His right to possession was expressly made to depend upon his ownership.   He thus distinctively negatived any right to possession, except "as such owner."   The answer specifically alleges "that the property described in the complaint, and so levied upon by the defendant as aforesaid, was at the time of said attachment and levy the property of the said Nancy J. Fulton, and not the property of the plaintiff, and that at the time of said levy as

aforesaid the said property, and every part thereof, was in the possession and under the actual custody of the said Nancy J. Fulton." And again: "The defendant further denies that the plaintiff is, or ever was, the owner of the property described in the complaint, or any part thereof." The answer also denies each and every allegation of the complaint "not specifically admitted or controverted." This was an absolute and unqualified denial of every material and fundamental fact upon which plaintiff rested his right of action. With no other defensive allegation than these, the answer would seem to state a good defense, and so be beyond the reach of a demurrer. For the purpose of this demurrer, these denials must be treated as true; but if true that plaintiff was not, and Nancy J. Fulton was, the owner of this property, and that plaintiff was not, but that she was, in the actual and exclusive possession of the same, it is difficult to see how plaintiff's claim or cause of action can be maintained. An answer which sets up a complete bar to the cause of action pleaded in the complaint cannot be generally demurrable. The demurrer was probably intended to test the sufficiency of the affirmative defense as pleaded in the answer, but it was directed against the answer generally, and as a whole. The rule in such case is that the demurrer must be overruled, if the answer contained one good defense. Maxw. Code Pl. 566; Bliss, Code Pl. sec. 417; Cobbey, Repl. sec. 750 *et seq.*, and cases cited. See, also, Cumins v. Lawrence Co., 1 S. D. 158, 46 N. W. 182.

As the action of the trial court in overruling the demurrer to the answer must be affirmed for the reasons already stated, it is not necessary to very carefully examine the particular objections appellant makes to the sufficiency of the statement of the affirmative defense. Most of the objections we regard as unsubstantial. If any have merit they seem to be such inadvertent omissions, not going to the merits of the controversy, as a trial court would ordinarily allow to be supplied by amendment on the trial.

The second ground of demurrer, that the "answer does not state facts sufficient to show that this plaintiff is estopped from maintaining the said action," is not a ground of demurrer under the Code, and was properly · disregarded by the court. It is provided in section 4910, Comp. Laws, that, unless the demurrer "distinctly specify the grounds of objection," it may be disregarded.    This evidently means "the ground" as previously defined or stated.  While a slight and unimportant departure from the very words of the statute might not invalidate the demurrer, the demurrant cannot stand upon any other ground than those marked out and defined in the Code.    The demurrer upon this ground was also directed against the entire answer, and could not have been sustained against a denial of material facts upon which plaintiff's cause of action depended.    For the reasons indicated the order appealed from is affirmed, and the cause remanded to the circuit court for further proceedings according to law.

FULLER, J., took no part in this decision.