TELFORD, Respondent, v. IOWA GUARANTEE MORTGAGE CORP., Appellant:

(235 N. W. 663.)

(File No. 6944.   Opinion filed March 30, 1931.)

*Theodore R. Johnson,* of Sioux Falls, for Appellant.
*Johnson & Johnson,* of Pierre, for Respondent.

WARREN, J.   Action for damages in the nature of conversion by plaintiff against defendant, the plaintiff alleging that one Blaess became indebted to him on account of his furnishing money to enable Blaess to make a payment upon a certain automobile which had been sold by defendant, assignor, to Blaess and upon which the defendant was then holding a conditional sales contract. There was delivered to the plaintiff by Blaess a note secured by a second mortgage on the automobile upon which the defendant was then holding a conditional sales contract.   The plaintiff in his complaint claims that the car was purchased under a conditional sales contract for the sum of $1,532, and that Blaess

had paid $863.54; that the said defendant took possession of the car and took it out of the possession of the said Blaess without due process of law and without giving the said Blaess notice thereof, as required by law, and that the same was sold without retaining the car before the sale and furnishing Blaess with a statement showing the balance due, and that Blaess had paid more than 50 per cent of the purchase price; that defendant sold said car without notice to Blaess and the plaintiff herein as required by law and without posting or publishing notice of sale as required.

The defendant in the first paragraph of his answer states: "Denies each and every allegation, matter, and fact therein contained, except what is hereinafter expressly admitted, modified, or qualified by this answer." Then follows the allegation of the defendant's corporate existence, the purchase and sale of the automobile, and the allegations as to the conditional sales contract, the assignment of the sales contract from Fackelman Motor Company, and other allegations in defendant's answer became very material. It is therefore set out in hæc verba:

"5. Alleges that on December 3, 1928, this defendant repossessed said automobile described in said sale contract, for the reason the said Henry W. Blaess was in default and had failed to comply with the terms of said contract, particularly as follows: (a). The said Henry W. Blaess had failed to pay the amounts therein specified at the time the said amounts became due and payable. (b). That the said Henry W. Blaess was permitting this plaintiff to use said automobile without the defendant's knowledge or consent.

"That at the time of said repossession one-half of the purchase price of said automobile, including the down payment, had not been paid and that this defendant, at said time and according to the terms of said note and sale contract, declared the entire amount due and payable. Alleges that the said Henry W. Blaess after said repossession, agreed to pay the amount then delinquent, according to the terms of said contract, and note, and further agreed that after the said automobile was returned to him that he would not permit the plaintiff to use or have the possession, custody or control of said automobile; alleges that it had been brought to this defendant's attention at the time of said repossession that plaintiff

was unlawfully using the said automobile. That it was expressly understood and agreed that if the said Henry ·W. Blaess were given possession of said automobile by said defendant, after said repossession, it was as above set forth and not otherwise, and on the further consideration that the defendant would waive no right, according to the terms of said contract and note in returning said automobile to the said Henry W. Blaess, and that if it should be necessary to repossess said automobile again, it was expressly understood and agreed between said defendant and said Henry W. Blaess that this defendant would be under no liabilty to the said Henry W. Blaess for a resale of said automobile under the Uniform Conditional Sale Law of this state, but that the said Henry W. Blaess would forfeit all his rights in said automobile, note and sale contract and as a further consideration said debt would be cancelled.

"6. Alleges that said automobile was thereupon returned to the said Henry W. Blaess, as hereinbefore specified, and not otherwise. Alleges that thereafter the said Henry W. Blaess again became in default, failed to make the payments according to the terms of said note and sale contract and permitted the plaintiff to again acquire possession, control and custody of said automobile; that said plaintiff was unlawfully using said automobile and that this defendant, upon being informed of said default and unlawful use of said automobile, repossesed said automobile on January 15, 1929. That when said second repossession was made by said defendant, it discovered that the said Henry W. Blaess, or the said plaintiff, had removed from said automobile the heater, four new tires, the spare tire, spare tube, spare rim and other accessories, and that it cost this defendant $125.25 for labor and material to repair and recondition said automobile in order to place it in a salable condition. Alleges that said sale contract specifically provides that any equipment, tires or accessories placed on said automobile after the execution of said contract, would be included in said contract. Alleges that this defendant, according to the terms of said sale contract, after the repossession of said automobile, was authorized to add to said sale contract the expense of repossession, storage, and repairs thereon. Alleges that the amount of storage from the date of the second repossession until the date of sale, was $10.00. Alleges that said Henry W. Blaess granted

the plaintiff peaceable possession of said automobile, and that pursuant to the aforesaid sale contract, note and oral agreement entered into at the time of the first repossession, the said defendant did not have a resale according to the conditions of the Uniform Conditional Sale Law."

As an additional answer in said defense the defendant pleads a further and separate defense by way of counterclaim, alleging the execution of a certain promissory note and the execution of a certain conditional sales contract to secure the payment of said note, both executed by Blaess, and that the said note and sales contract were assigned from Fackelman Motor Company to defendant and duly filed. Then follows the allegations that the entire indebtedness in the amount described in note and sales contract is due and owing and the default is pleaded as follows:

"8. That the entire indebtedness and amount described in said note and sale contract, except what has been paid as stated in this counterclaim is due and owing. That there has been a default in the terms and conditions of said note and sale contract, and that the said plaintiff now elects to declare, and does declare, the said sale contract and note due and payable, and demands that the entire amount be paid.

"9. Alleges that no proceedings have been instituted for the recovery of said indebtedness, or any part thereof, except as has hereinbefore been set forth in defendant's first defense.

"10. Alleges that the said Henry W. Blaess should be made a party to this action in order that his rights may be adjudicated.

"(2) That if said complaint is not dismissed on the merits and with costs that this defendant have judgment for the amount due on said sale contract and note, and that the same be foreclosed as provided by law, with costs."

Exhibit B is the usual conditional sales contract and is referred to in defendant's answer as an exhibit. Sections 3, 4, 5, and 6 are as follows:

"3. Title to said property shall remain in the Dealer until the entire purchase price is fully paid in cash and until this contract is fully performed. Any equipment, tires or accessories now or hereafter placed upon said vehicle shall be covered by this contract.

"4. The Purchaser shall see that said property is used only

lawfully, that it is sheltered and kept in good repair, that it is not used for hire, that it is kept free of all taxes, charges, seizures, or threatened seizures, by court proceedings or otherwise, that it is not disposed of or encumbered, or removed from the County except for temporary use not exceeding thirty (30) days, or removed from the State for any period, without the written consent of the Dealer or assigns, and that the Dealer's repair bills are paid on demand, all until the purchase price is fully paid in cash and this contract fully performed.

"5. The Dealer may inspect said property on demand, and the purchaser agrees to give the Dealer immediate written notice of any damage to or loss of said property.

"6. If the Purchaser fails to comply with any provision of this contract, or if the Dealer or his assigns should ever consider the property in danger of misuse or confiscation, then all unpaid balance of the purchase price shall forthwith become due and payable and the Dealer or his assigns may, without previous demand or notice, take immediate possession of said property wherever found, with or without any process of law, and remove the same, using such force as may be necessary in so doing, and for that purpose may enter the premises wherever said property may be or is supposed to be, and all rights of the Purchaser therein shall end and all payments made by the Purchaser shall be retained by the Dealer or/and his assigns as liquidated damages for non-performance of this contract, depreciation and rental of the property, and the Dealer, his assigns or their agents may, but need not, resell the property at any time within six months from the date of repossession, at public or private sale, held at any place, with or without notice, on any terms of payment, to any person or persons whomsoever, including the Dealer or his assigns or their agents, and apply the proceeds in payment of the expenses of repossession, storage, repairs and sale and upon the unpaid balance of the purchase price and interest, and thereafter upon any other indebtedness due from the Purchaser to the Dealer or his assigns. The Purchaser shall pay the deficiency and loss, if any, on such transactions, and shall receive the surplus, if any. And the Purchaser expressly waives any right of action of any kind whatsoever against the Dealer or his assigns growing out of the removal, repossession, retention or sale of said property. In case of any

proceedings to enforce this contract the Purchaser shall pay attorneys' fees at the highest lawful rate."

To the defendant's answer plaintiff interposed a demurrer in substance:

"The plaintiff demurs to the defendant's answer on the following grounds:

" '1. On the ground that the answer does not state facts sufficient to constitute a defense.

" '2. Plaintiff specifically demurs to paragraphs 3, 4, 5, 6 and 7 of the answer and to each of said paragraphs separately on the ground that there are no facts set up which in any way constitute a defense to this action, and demurs more specifically to paragraph 5 on the further ground that the purported contract therein referred to and described was not in writing and the said purported contract is contrary to public policy and in violation of law.

" '3. Plaintiff further demurs to paragraph 6 because the purported contract and purported agreement set forth is in violation of public policy and contrary to law.

" 'The plaintiff demurs to the defendant's separate defense and counter-claim on the ground that the alleged facts therein set forth do not constitute a separate defense or cause of action, or counter-claim.' "

The lower court sustained the demurrer. The ruling is assigned as error. It will be observed that the first paragraph of defendant's answer is in substance a general denial. This court treated a somewhat similar case in construing a demurrer in Hill v. Walsh, 6 S. D. 421, 61 N. W. 440, 441, saying: "The answer also denies each and every allegation of the complaint 'not specifically admitted or controverted.' This was an absolute and unqualified denial of the very material and fundamental fact upon which plaintiff rested his right of action. With no other defensive allegation than these, the answer would seem to state a good defense, and so be beyond the reach of a demurrer. * * * An answer which sets up a complete bar to the cause of action pleaded in the complaint cannot be generally demurrable."

As to the affirmative defense and counterclaim the appellant contends that respondent stands in Blaess' shoes; that Blaess mortgaged his interest in the automobile contrary to the terms of the sale contract and sections 13 and 15 of chapter 137 of the S. D.

Session Laws 1919, and without defendant's consent, knowledge, or permission; that Blaess gave appellant peaceable possession of said automobile, consenting and acquiescing in all that was done by appellant pursuant to the said oral agreement.

■■ From the allegations in the pleadings we find that the appellant returned the automobile to Blaess, but he failed to keep his promise concerning it. The appellant then repossessed it with his consent. His debt to appellant is canceled, and they have disposed of the automobile as Blaess orally agreed they might do. Therefore, the oral agreement between Blaess and appellant made at the time of the first repossession has sufficient consideration and has now been fully and completely executed. Blaess cannot be heard to complain, and it will be conceded that he is not endeavoring to do so. That being true, the respondent has no better right. The rights of respondent under the facts and circumstances of this case are in no manner superior to the rights of Blaess, the original vendee. Appellant pleaded default, by Blaess in December, 1928, before he had paid half of the purchase price. The appellant thereupon took possession of the automobile declaring the amount of the purchase price due, and, as he was about to proceed to enforce the contract, Blaess entered into an agreement that, if appellant would return the automobile to him, and proceed no further, he (Blaess) would make certain payments and do other things, as set forth in appellant's pleading; that, if he (Blaess) failed to comply with his then agreement, appellant might later on take possession of the automobile, proceeded to deal with it as he saw fit, disregarding the conditional sales contract, and, further, that Blaess would forfeit all rights in said automobile and all claims of having the conditional sales contract terms enforced as to its terms and requirements in the respect of repossession and sale. We must hold that this agreement entered into by appellant and Blaess was a valid contract, and that there was ample consideration for the agreements orally made by and between Blaess and appellant, and in appellant's forbearance in giving back possession of the automobile instead of continuing to hold the same and sell it pursuant to the terms of the conditional sales contract, as it then had a right to do.

The order appealed from is therefore reversed.

POLLEY, P. J., and CAMPBELL and ROBERTS, JJ., concur.