[NEW YORK GENERAL TERM, May 16, 1859. *Davies, Clerke* and *Sutherland*, Justices.]

---

THE EPISCOPAL CHURCH OF ST. PETER in the town of Westchester *vs.* WILLIAM VARIAN and others.

The code not prescribing any particular form for the undertaking to be given, under section 222, by a plaintiff upon obtaining an injunction, a penal bond with sureties, to the effect that the plaintiff will pay such damages, not exceeding the amount specified, as the defendants may sustain by reason of the injunction, is a substantial compliance with the requirements of § 222.

Where such a bond declares that the three obligors are, and that each of them is, bound to the obligee, the obligation is joint and several.

Where, in the body of a bond, the obligors were described to be "the corporation the trustees of the town of Westchester, E. H. and R. G. P." and the condition was that "the above bounden" would pay &c. upon a breach; and the conclusion was that "in witness whereof the parties hereunto have set their hands and seals;" and it was signed by "W. V., President of the Board of Trustees; E. H. and R. G P.;" *it was held* that "the above bounden" meant the trustees of the town of W. and E. H. and R. G. P., and that W. V. was not personally liable, upon the bond.

One who executes a contract as the agent of another, without authority, is himself primarily responsible as a contracting party. But in order to fix and enforce this personal liability, it must appear that the party sought to be charged signed as agent—that is, professed to act for another—and that such act was without authority.

Where a corporation having authority to sue and be sued, commences an action, in pursuance of a resolution of the board of trustees, and its president, for the purpose of obtaining an injunction therein, executes the undertaking required by section 222 of the code, in his official character—not professing to act as the agent of the corporation—the instrument will be regarded as the act of the corporation itself, and not the act of the president as its agent; and the officer will not be bound thereby.

APPEAL from a judgment entered upon the report of a referee. The complaint alleged that on or about the 9th day of July, 1852, the defendants William Varian and Elnathan Hawkins, and Robert G. Palmer, late deceased, made a certain bond, signed with their seals, and acknowledged the same before a justice of the peace, which was in the words and figures following : " Know all men by these presents, that the corporation, the ' trustees of the town of Westchester,' Elnathan Hawkins and Robert G. Palmer, and each of them and their heirs, executors, administrators and assigns, are held and firmly bound unto the corporation, the Episcopal Church of St. Peter, in the township of Westchester, in the sum of two thousand dollars, lawful money of the United States of America. Whereas the trustees of the town of Westchester have commenced an action in the supreme court of the state of New York against the Episcopal Church of St. Peter, in the township of Westchester; and whereas the said trustees have applied to the court for an injunction to restrain the said church and its agents from doing or continuing to do certain acts of which the said trustees have complained in the complaint in this action: Now, therefore, the condition of this obligation is such, that the above bounden will, if the injunction applied for as aforesaid shall be granted, pay unto the defendants such damages as they may sustain by reason thereof, together with the costs which may be adjudged to the defendants, if it shall finally be decreed that the said plaintiffs

were not entitled to the said injunction. And if it shall be adjudged that the said plaintiffs were and are entitled to said injunction, then these presents to be null and void, otherwise to remain in full force and effect. In witness whereof, the parties hereunto have set their hands and seals.

WILLIAM VARIAN,　　　[L. S.]

President of the Board of Trustees.

E. HAWKINS.　　　[L. S.]

R. G. PALMER.　　　[L. S.]"

The plaintiffs averred that the defendant William Varian executed the said bond individually, the trustees of the town of Westchester not having any authority in law to execute such a bond, or to authorize the execution of such a bond, for any purpose whatever. And that Robert G. Palmer died, before the commencement of this suit, intestate, and that letters of administration upon his estate were duly granted by the surrogate of the county of Westchester to the defendant James H. Palmer. That the said bond was approved by Seward Barculo, late one of the justices of this court, on the 12th day of July, 1852, and was filed in the clerk's office of Westchester county on the 19th day of July, 1852, and that the injunction referred to therein was granted on or about the 12th day of July, 1852, and remained in force until December 21, 1852, when the same was dissolved by this court, on the ground that the trustees of the town of Westchester were not entitled to the same. That the said trustees appealed from such decision to the general term of this court, and moved for a new trial, which motion for a new trial was denied by the said general term, and a judgment in favor of the plaintiffs against the said trustees was duly entered on the 29th day of May, 1853. And the plaintiffs further alleged, that by reason of said injunction having been laid, large damages were by them sustained, and that on the 8th day of November, 1854, an order was made by this court, referring it to John W. Mills, as sole referee, to ascertain the amount of said damages, and report the same to this court with all convenient speed; that said

referee, after having been attended by the counsel of the respective parties, on the 23d day of February, 1855, made his report, by which it appeared that the damages suffered by the plaintiffs amounted to the sum of $5081.50. The complaint further alleged that on the 12th day of March, 1855, an order of this court was made and entered, confirming the said report of the referee, and directing the clerk of this court to deliver up the aforesaid bond to the plaintiffs' attorneys to be prosecuted; whereby an action had accrued to the plaintiffs, against each of the defendants.

The defendant Varian, by his answer, admitted the execution of the bond by the corporation, the trustees of the town of Westchester; that he was one of the said trustees, and the president of the board. He denied that he executed the said bond individually, but insisted that in the execution of said bond he acted in his official capacity, as president of said corporation, and that the execution of said bond was the act of the corporation under its corporate seal, by the defendant as president thereof; and that the said corporation, the trustees of the town of Westchester, at the time of the execution of the bond, had authority in law to execute such a bond, for the purposes mentioned therein. And that if, by the law of the land, the said corporation had no right or power to make and execute the said bond, then the defendant would, upon the trial, insist that it was the intention to bind the said corporation by the said bond, and not the defendant individually, and that it was the duty of the plaintiffs to except to the said bond, before, or on, or after its approval by the said justice; and that, having omitted so to do, the plaintiffs were estopped from making any personal claim against the defendant upon, or by virtue of said bond.

The defendant Hawkins admitted the execution of the bond, by the corporation, and insisted that it had the right to execute the same; and alleged that he and Palmer executed the same as sureties, and not otherwise; and that if he, the defendant, was liable to the plaintiff upon the said bond, he was

so liable only as one of the sureties thereon for the said corporation, and upon their proper and valid execution of said bond, and not otherwise.

For a further answer the defendant alleged, that the bond was made by him and Robert G. Palmer jointly with the corporation, which said corporation was still in being, and not by the defendant and Palmer alone, or with William Varian. And inasmuch as the said corporation, the trustees of the town of Westchester, were not made parties defendants, together with the defendant Hawkins and James H. Palmer, administrator of Robert G. Palmer, the defendant prayed judgment, and that the complaint be dismissed with costs.

The plaintiffs by their reply denied that the bond was made and executed by Hawkins and Palmer jointly with the corporation, and averred that it was made by the two persons last mentioned, with William Varian, and that therefore the trustees of the town of Westchester were not proper parties to the action.

The facts found by the referee, and his conclusions of law thereon, are stated in the opinion of the court. He reported in favor of the plaintiff for the sum of $2000, the penalty of the bond, and judgment being entered at special term, for that sum, with costs, the defendants Varian and Hawkins appealed.

*J. E. Develin,* for the appellants.

*G. W. Morris,* for the respondents.

*By the Court,* BROWN, J. 1. The bond in question is a substantial compliance with the requirements of section 222 of the code. It was a written undertaking with sureties, " to the effect that the plaintiff [in that action] will pay such damages not exceeding the amount specified," as the defendants might sustain by reason of the injunction. It is under seal and takes the form of a penal bond. But as the code prescribes no particular form, it must be regarded as sufficient.

2. In form it is joint and several. It declares that the three obligors, and each of them, are bound. This is equivalent to saying they are bound together and each of them is bound severally. Upon this view Elnathan Hawkins and the administrators of Robert G. Palmer are liable to the plaintiffs, and the judgment against them is correct.

3. The judgment affirms the personal liability of the defendant William Varian, and this is the principal question in the case. The legal effect of the bond is to be determined in part by an examination of its language, with a view to ascertain the intentions of the parties.

4. In the body of the instrument the obligors are described to be " the corporation, the trustees of the town of Westchester, Elnathan Hawkins and Robert G. Palmer." It is these three parties that are held and firmly bound to the " corporation, the Episcopal Church of St. Peter, in the township of Westchester." The condition declares that the above bounden will pay, &c. upon a breach of the condition. The phrase " the above bounden" means the trustees of the town of Westchester, Hawkins and Palmer. It has the conclusion, that in witness whereof the parties hereunto have set their hands and seals, and is signed and sealed by William Varian, president of the board of trustees, E. Hawkins, R. G. Palmer. There is not a word indicative of an intention to bind H. Varian personally. On the contrary, the intention to bind the trustees of the town of Westchester is as clear and manifest as language can make it. In *Townsend* v. *Corning,* (23 *Wend.* 435,) Baldwin the agent had signed his name to the instrument, " Harvey Baldwin," and affixed his seal in the usual manner. And Judge Bronson says, " Although he subscribed his name and affixed his seal, there are no words of contract on his part; and whether he intended to bind his principal or not, it is apparent from the whole instrument that he did not intend to contract, himself." He refers to *Catlin* v. *Ware,* (9 *Mass. Rep.* 218.) We may then, I think, dismiss from our

minds the idea that William Varian is personally bound by the terms of the instrument.

5. The referee by whom this action was tried finds the following facts, as appears by his report. 1st. That the trustees of the town of Westchester, the plaintiff in the action on which the injunction was issued and the bond executed and filed, were duly incorporated by the act of the legislature passed April 12, 1844, to incorporate the trustees of the town of Westchester. 2d. That at the time of the commencement of such action and the executing and filing of the bond, the defendant William Varian was the president of the board of trustees of the town of Westchester. 3d. That the said action was commenced and conducted against the Episcopal Church of St. Peter, under and by authority of a resolution of the board of trustees, of the date of the 5th July, 1853. The referee then finds as matter of law, that the execution of the bond by Varian, as such president, was without lawful authority, and as a consequence that he is personally chargeable as one of the obligors of the bond.

It admits of no dispute that he who executes a contract as the agent of another, without authority, is himself personally responsible as a contracting party to the contract. The principle is, that it is the contract of some one, and if not that of the principal, it must of necessity be that of the agent himself. (*Story on Agency*, 264, *and the authorities referred to in note* 1. *White and others* v. *Skinner*, 13 *John.* 307. *Meech* v. *Smith*, 7 *Wend.* 315.) In order to fix and enforce this personal liability, it must appear that the party sought to be charged signed as agent—that is, professed to act for another—and that such act was without authority. Now, it seems to me, that in the present case Varian did not act or profess to act as the agent of another. And that so far as he did act he was fully authorized by the board of trustees, or the corporation of which he was a manager. Amongst the incidents to corporate existence is the capacity to sue and be sued. The 5th section of the act of the 12th April, 1844, under which

the trustees of the town of Westchester are incorporated, gives them the general powers and subjects them to the liabilities and restrictions imposed by the 18th chapter of the 1st part of the revised statutes. Among these are enumerated the power to sue and be sued, and to complain and defend, in any court of law or equity. It is evident, therefore, that the corporation had a right to institute the action in which the injunction was obtained and the bond given. The object of the action was to restrain the present plaintiffs from the removal of the remains of the dead from a burying ground in which the trustees of Westchester claimed to have an interest, and from erecting a church edifice thereon. The obtaining of an injunction and the giving of the usual undertaking were part of the ordinary process and proceedings in such an action, and the intention and authority to do both are to be implied from the resolution authorizing the commencement and prosecution of the action; because the authority to do every thing necessary to the successful and effectual prosecution of the action is to be implied from such an act. It also appears from the complaint in this action, that the injunction thus obtained was dissolved at the special term of the supreme court, and thereupon the trustees appealed to the general term and moved for a new trial, which motion was also denied. Here was a distinct and emphatic recognition and ratification of whatever had been done by the president of the board of trustees in the prosecution of the action and in obtaining the injunction. If it be assumed that the defendant Varian's act in signing the bond was the act of an agent, it is impossible in the face of this evidence to say that it was done without authority. The trustees may have commenced an action which they could not maintain. They may have asserted rights which did not exist or which could only have been asserted by some other body or person. But this would not show that Mr. Varian was without authority to execute the bond in question.

I am of opinion, however, that the act in question was not the act of an agent, in the sense in which it must have been,

to render the agent without authority personally liable. The defendant Varian did not sign as agent, or profess to act as the agent of the trustees. He was one of them himself, and their presiding officer, and what he did was done in that capacity, and under a resolution of the board of trustees, and not as their agent. His act was the act of the corporation itself. It could act in no other way. Its assent and signature to a bond or other instrument could only be given through its executive officers. Their act was its act, and the signature of Mr. Varian was put to the bond as the only means at its command by which it could bind itself. It was a defective execution, doubtless, because not made with the corporate seal. Defective as it was, it was still the act of the corporation itself, and so intended at the time. The directors or trustees and officers of a corporation are its agents, in a certain sense, because whatever they do is done for the corporation. But they are not its agents in the sense of one who acts under a power and authority delegated by a natural person. I have said a corporation can only act by and through its officers. In this way, only, can it hold communication and commerce with the rest of the world. And when its officers commence actions and sign their official names to instruments designed to be corporate acts for corporate purposes, in pursuance of resolutions of its directors or trustees, they must be regarded as its own acts and not the acts of persons exercising power and authority delegated by others. The referee therefore erred, I think, when he found as matter of law that the defendant William Varian acted without lawful authority.

The judgment as to the defendants Elnathan Hawkins and James Palmer, administrator, &c. should be affirmed. And as to the defendant William Varian it should be reversed and a new trial at the circuit granted, with costs to abide the event.

[KINGS GENERAL TERM, December 14, 1858. *S. B. Strong, Emott* and *Brown,* Justices.]