JAMES DUNSEITH, Respondent, *against* GUSTAV LINKE, Appellant.

(Decided February 6th, 1882.)

The approval, by the court, of an undertaking in a given amount, on an appeal from a judgment for the recovery of a chattel, is a sufficient fixing of that sum by the court, within the requirement of section 1329 of the Code of Civil Procedure, that such an undertaking shall be in a sum fixed by the court or a judge thereof.

Where such an undertaking, in its recitals, states the amount of the judgment appealed from, and, in its binding part, distinctly refers to such judgment, the effect is the same as though the amount of the judgment had been inserted in the binding part of the undertaking.

APPEAL from a judgment of this court entered upon the verdict of a jury.

The facts are stated in the opinion.

*T. Stevenson*, for appellant.

*Hugh Reavey*, for respondent.

VAN BRUNT, P. J.—On the 4th of March, 1880, the plaintiff in this action recovered a judgment against one Gustav Ludewig, for the recovery and delivery of certain personal property, or the value thereof, to wit, $1,100, in case delivery thereof could not be had, together with $128.88 costs, making in all $1,228.88. The said Ludewig having appealed to the general term of this court, caused to be executed an undertaking for the purpose of staying proceedings upon such judgment, which undertaking, after reciting the foregoing facts, proceeds as follows:

"Now, therefore, we, Gustav Linke, manufacturer, residing at 124 Forsyth Street in the City of New York, and Otto Lehr, cabinet maker, residing at 169th Street in the City of New York, between Washington and Railroad Avenues, do jointly and severally, pursuant to the statute in such case made and provided, undertake that the appellant will pay the costs and damages which may be awarded against the appellant on said appeal, not exceeding $500, and do also undertake that if the judgment so appealed from or any part thereof is affirmed or the appeal is dismissed, the appellant will pay the sum directed to be paid by the judgment, or the part thereof as to which judgment shall be affirmed, and that the appellant will obey the direction of the court, and of the appellate court upon appeal." This undertaking was executed by the defendant and the said Lehr, and was duly approved by one of the justices of this court, and was filed in the office of the clerk of this court, and a copy thereof with the proper notice served upon the respondent in said action.

The judgment appealed from having been affirmed by the general term, an execution was issued upon said judgment, which the sheriff returned wholly unsatisfied, and the proper notice having been given to the sureties upon this undertaking, this action was commenced thereon, and resulted in a judgment in favor of the plaintiff. The objection which is urged upon this appeal is, that the undertaking in question did not comply with section 1329 of the Code of Civil Procedure, which is as follows:

"If the appeal is taken from a judgment for the recovery

Dunseith *v.* Linke.

of a chattel, it does not stay the execution of the judgment until the appellant gives a written undertaking in a sum fixed by the court below, or a judge thereof, to the effect that the appellant will obey the direction of the appellate court upon such appeal."

It is claimed upon the part of the defendant that no sum was fixed by the court below. It is conceded that no formal order was made by the court below or any judge thereof fixing the amount to be inserted in this undertaking, but it would appear that an undertaking presented to the court and approved by the court in an action of this description would be a compliance with this requirement of the Code, and would be a fixing, within the language of the Code, by the court, of the amount of the undertaking, such fixing being signified by the approval of the court of the undertaking indorsed thereon. The statute nowhere states how or in what way the fact that the court or judge has fixed the amount of the undertaking shall be established, and when the evidence discloses the fact that an undertaking has been submitted to the court for its approval in a given case, and the court has approved that undertaking, I can see no reason why that is not an entire compliance not only with the spirit but with the letter of the Code. The mere fact of approving an undertaking in a given amount is entirely equivalent to the court saying, "We have fixed that amount and approved an undertaking given in such sum."

But it is urged in addition that in this undertaking no sum is mentioned. It is true that in the binding part of the undertaking no sum is stated, but the amount of the judgment which had been recovered is stated in the recitals of the undertaking ; and in the binding part of the undertaking the judgment theretofore recited is referred to. The parties executing the undertaking "undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding $500, and do also undertake that if the judgment so appealed from or any part thereof is affirmed or the appeal is dismissed, the appellant will pay the sum directed to be paid by the judgment, or the part thereof as to which the judgment shall be affirmed." This lan-

guage has precisely the same effect as though the amount of the judgment had been inserted in that part of the undertaking, it being distinctly referred to therein, and there being no ambiguity in reference thereto. The undertaking then proceeds and says : " and that the appellant will obey the direction of the court and of the appellate court upon appeal."

This last clause must have reference to that which has preceded, in which, as has already been shown, a sum has been fixed; and is to be interpreted in view of the relief to which the party to whom the undertaking was given would be entitled upon an affirmance of the judgment, which was to a direction from the court that the property be returned, or in default thereof that the judgment should be paid which had been previously recited. The last condition of the undertaking would be fulfilled if the property was returned, and if the property was not returned then the first condition of the undertaking would become operative ; and the sureties would be required to pay the judgment which had been previously recited. There seems to be, therefore, a substantial compliance with the section of the Code, and the objection raised to the undertaking upon this ground must be overruled.

The disposition which the court made of the question raised by the evidence of an attempt to compromise was entirely proper. Even if Mr. Reavey, the attorney for the plaintiff, did make the agreement which it is alleged he did make, that for $50 he would procure a release of Mr. Linke, the defendant in this action, from this undertaking, it was not in any respect binding upon the plaintiff. He was not employed for any such purpose, and I have been unable to find any evidence going to show any ratification upon the part of the plaintiff of any such agreement made by Mr. Reavey, or any authorization given to Mr. Reavey to make any efforts towards a compromise.

The judgment should, therefore, be affirmed, with costs.

J. F. Daly, J., concurred.

Judgment affirmed, with costs.