### SCHERER *v.* HOPKINS *et al.*

*(Common Pleas of New York City and County, General Term. January 4, 1892.)*

DISTRICT COURT OF NEW YORK CITY—REMOVAL TO COMMON PLEAS—UNDERTAKING.

    In an action in a district court of the city of New York to recover damages exceeding $100 defendants, desiring a removal of the cause to the court of common pleas, tendered an undertaking in the penalty of $500, to which plaintiff objected, on the ground that the penalty thereof had not been fixed by the justice, as required by Code Civil Proc. §'3216, which provides that such order of removal "must be granted upon the defendant's filing with the clerk an undertaking in a sum fixed by the justice," etc. Plaintiff's objection was sustained, on which defendants immediately applied to the justice to fix the penalty of the undertaking, and it was fixed at $500, whereupon defendants tendered anew the original undertaking, and the same was rejected by the justice. *Held* error, there being nothing in the statute requiring the sureties to execute the undertaking after the justice had named the penalty.

Appeal from fifth district court.

Action by Frank Scherer against Louis C. Hopkins and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*R. Burnham Moffat,* for appellants. *John Fennel,* for respondent.

BOOKSTAVER, J. This action was brought to recover damages to property ·caused by defendants' negligence. With the intention of applying, upon issue being joined, for a removal of the cause to this court under section 3216 of the Code, the defendants, on April 30, 1891, procured an undertaking on such removal to be executed by the American Surety Company in the sum of $500. ·On the next morning, which was the return-day of the summons, the plaintiff made an oral complaint for damages, as stated above, to which a general denial was orally pleaded. Immediately thereupon the defendants applied to ·the justice for an order removing the action to this court, and at the same time presented the undertaking, executed as before stated. This was objected to, on the ground that it was not in a sum fixed by the justice, as required by section 3216, as he had not then fixed any amount. The objection was sustained by the court, whereupon the defendants asked the justice to fix the amount of the undertaking to be filed by defendants on removal to this court, and the justice fixed $500 as the amount of such undertaking. After the ·amount was so fixed the defendants tendered anew the undertaking in question, but it was objected to as insufficient, on the ground that when the undertaking was executed no sum had been fixed by the justice, and that it had not been re-executed after the amount was fixed. The court sustained this objection, to which ruling the defendants excepted, and filed the bond with the clerk, and the trial proceeded, resulting in a judgment in favor of the plaintiff.

There is but one question presented on this appeal, and that is, was the undertaking so tendered and filed sufficient, under section 3216 of the Code, to arrest the proceedings of the court for all purposes except the approval of the undertaking and ordering the removal to this court? No question was at any time raised as to the sufficiency of the sureties, or the form of the bond, other than that before indicated. An undertaking is but a simplified bond without a seal. *People* v. *Dando,* 20 Abb. N. C. 245; *Lutes* v. *Shelley,* 40 Hun, 197. Like a bond, it is a nullity until delivered, the signing and delivery both being essential to its validity. The time of the execution of the complaint, we think, is of no more importance than the place where it was executed. In *Prather* v. *Harlan,* 6 Bush, 185, it was held that a replevin bond, which had been signed by the sureties on Sunday, in church, and was ·then given to one Harper to deliver to the deputy-sheriff, which he did on Monday, was valid, although the statutes of Kentucky made any contract entered into on Sunday invalid, the court saying: "As this made Harper the ·agent of the sureties to deliver the bond, and he delivered it, not on Sunday, to the officer, and as it did not become obligatory until delivered to the officer, it cannot be regarded, so far as the plaintiff's rights are concerned, as executed on Sunday." To the same effect, *Com.* v. *Kendig,* 2 Pa. St. 448, although by the statutes of that state all contracts entered into on Sunday are void. In the course of the opinion the court says: "But when was this bond executed? Certainly not until it was delivered, for delivery is of the essence of a deed. It takes effect only from execution on delivery. * * * The business began on Saturday, when one of the obligors signed, ·and was continued on Sunday, when the other obligor signed, and finally completed on Monday. Now, although this exposes the parties to the criminal penalty imposed by the act, yet it does not avoid the bond, for the statute ·cannot destroy that which had no existence."

Unless, therefore, something can be spelled out of section 3216 which re- ·quires the sureties to execute the undertaking after the justice has named the sum, the delivery of an undertaking in a sum which the justice has fixed answers the requirements of the section without regard to the date of its execu-

tion.  That section, among other things, provides that in actions where dam-
ages are claimed exceeding $100 "the defendant, after issue is joined, and
before an adjournment has been granted upon his application, may apply to
the justice of the court in which the action is brought for an order removing
the action into the court of common pleas of the city and county of New
York.  Such an order must be granted upon the defendant's filing with the
clerk an undertaking in a sum fixed by the justice not exceeding twice the
amount of the damages claimed,  *   *   *  as stated in the complaint."
In *Dunseith* v. *Linke*, 10 Daly, 363, suit was brought upon an undertaking
on appeal from a judgment for the delivery of property, or payment of its
value, given pursuant to section 1329 of the Code, which directs that the un-
dertaking shall be "in a sum fixed by the court below, or a judge thereof,
to the effect," etc., and it was objected that no sum had been fixed for the un-
dertaking.  VAN BRUNT, J., delivering the opinion of the court, says: "It is
claimed upon the part of defendant that no sum was fixed by the court be-
low.  It is conceded that no formal order was made by the court below, or
any judge thereof, fixing the amount to be inserted in this undertaking, but
it would appear that an undertaking presented to the court, and approved by
the court, in an action of this description would be a compliance with the re-
quirements of the Code, and would be a fixing, within the language of the
Code, by the court of the amount of the undertaking, such fixing being sig-
nified by the approval of the court of the undertaking indorsed thereon.   The
statute nowhere states how, or in what way, the fact that the court or judge
has fixed the amount of the undertaking shall be established, and when the
evidence discloses the fact that an undertaking has been submitted to the court
for its approval in a given case, and the court has approved that undertaking,
I can see no reason why that is not an entire compliance, not only with the
spirit, but with the letter, of the Code.   The mere fact of approving an un-
dertaking in a given amount is entirely equivalent to the court saying: ' We
have fixed that amount, and approved an undertaking given in such sum.'"

It follows as a necessary conclusion from this decision that a valid under-
taking of this description may be executed before the amount is fixed by the
court, and that if the undertaking so executed is in the amount so fixed it
will be binding upon the sureties, although the fact of the fixing is not recited
in it.   In *Doolittle* v. *Dinniny*, 31 N. Y. 350, DAVIES, J., said: "The Code
contains no intimation that a recital to precede the undertaking is requisite,
nor what it shall contain, if any be used."   See, also, *Post* v. *Doremus*, 60
N. Y. 371; *Episcopal Church* v. *Varian*, 28 Barb. 644; *Gerould* v. *Wilson*,
81 N. Y. 573.

Nor do we think that the surety in an action brought upon such undertak-
ing could avail himself of the fact that the amount of the undertaking had
not been fixed by the justice when he executed it, provided it was subse-
quently approved by the justice, or acted upon by him by ordering the re-
moval of the action.   In *Coleman* v. *Bean*, 1 Abb. Dec. 394, the undertaking
recited the issuing of an attachment, etc., whereas as a matter of fact no at-
tachment had ever been issued.  SMITH, J., in delivering the opinion, says:
"Although the statute under which the proceeding was had contemplates
that the giving of such undertaking shall be preceded by the issuing of an at-
tachment, and shall accompany an application to discharge it, and also directs
that the undertaking shall be delivered to the court or officer, the non-com-
pliance with the provisions is but an irregularity which the defendant may
waive, and the fact of his putting in an undertaking which recites that an
attachment had been issued, and that he was about to apply for its discharge,
is conclusive evidence of such waiver.   It is enough that the undertaking is
binding between the principal parties, under such circumstances, to hold the
sureties."  See *People* v. *Falconer*, 2 Sandf. 81; *Franklin* v. *Pendleton*, 3
Sandf. 574; *Decker* v. *Judson*, 16 N. Y. 439; *Shaw* v. *Tobias*, 3 N. Y. 192.

In case of the removal of an action, we think the filing of the bond with the clerk is equivalent to a delivery in other cases, and that the bond then for the first time binds the sureties upon it. If, then, the time when the undertaking was executed was immaterial, and the sureties were bound from the time of the filing of the undertaking, provided that had been followed by an order of removal, we think the court erred in denying the defendants' motion, there being no question as to the sufficiency of the sureties or the form of the bond in other respects, and that the judgment should be reversed, and sent back to the court below, to be proceeded with as if no trial or adjournment of the action had been taken after issue joined, with costs of this appeal to the appellants.