(14 Misc. Rep. 26.)

### MONAGAN v. LEHIGH VAL. R. CO.

(Common Pleas of New York City and County, General Term.   August 22, 1895.)

1. REMOVAL FROM DISTRICT COURT TO COMMON PLEAS.
    Where defendant, in a proper case, files a bond in the maximum amount provided by Code Civ. Proc. § 3216, for the removal of certain cases from the district court of the city of New York to the court of common pleas, he is entitled, as of right, to such removal, without the entry of any order by the district court, either to fix the amount of the bond, or otherwise.
2. SAME—REFUSAL TO APPROVE BOND—REVIEW.
    The refusal of the justice, for an insufficient reason, to approve the bond on removal of a case from the district court of the city of New York to the court of common pleas, as provided by Code Civ. Proc. § 3216, is an error reviewable on appeal from the judgment.

Appeal from First district court.

Action by James Monagan against the Lehigh Valley Railroad Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Alexander & Green, for appellant.

T. C. Campbell, for respondent.

BISCHOFF, J.    Plaintiff brought this action to recover for injuries to his property, alleged to have been sustained through defendant's negligence, and claimed $250.    Upon the return day of the summons, defendant moved that the cause be removed to the court of common pleas, and presented an undertaking, theretofore prepared, in the usual form, the sureties, respectively, binding themselves in the sum of $500.    No question was raised as to the sufficiency of these sureties, nor as to the form of the undertaking, but the justice denied the motion for the reason, as indorsed upon the summons, that "the same was executed before the court had made its order."    To this ruling the defendant duly excepted.

In the case of Scherer v. Hopkins, 16 N. Y. Supp. 863, this court ruled that such a ground as that assigned by the justice in the case at bar presented no reason for the denial of the motion, the granting of which is made mandatory by the statute, if its conditions are fulfilled.    Code Civ. Proc. § 3216.    See, also, note to Warren v. Campbell (Com. Pl. N. Y.) 14 N. Y. Supp. 166.    True, in the case cited the justice had gone through the form of "fixing" the amount of the undertaking, while such fact does not here appear.    But the justice's refusal, for an insufficient reason, to approve the undertaking, by which approval the sum would be "fixed" (Scherer v. Hopkins, supra; Dunseith v. Linke, 10 Daly, 363), presents error to be recognized and corrected upon appeal from the judgment (O'Connor v. Moschowitz, 48 How. Prac. 451; People v. Fourth Dist. Court, 13 Civ. Proc. R. 137). The undertaking offered was sufficient in amount, since such amount was the greatest which the justice had the power to exact, and it was not required that the undertaking should be executed by the defendant.    Code Civ. Proc. § 3216.    As was done in the Scherer Case, we must reverse the judgment, and remit the cause to the district court, to be proceeded with as if no trial or adjournment of the action had taken place after issue joined, with costs of appeal to the appellant.