Argued 12 March, decided 19 March, 1907.

**WOLLENBERG *v.* SYKES.**

89 Pac. 148.

PRINCIPAL AND AGENT—EFFECT OF NOTICE TO AGENT.

1. Notice to an agent as to matters over which he has authority is notice to the principal, but in this case there was no evidence whatever tending to show that the agent had any authority at all over the subject referred to in the notice.

BOND—ESTOPPEL ON SURETY TO DENY SIGNATURE.

2. Where a surety signed a bond and delivered it to the principal on condition that another surety be secured, and the bond, regular in appear-

ance, was delivered to the obligee without mention of the condition, the surety is estopped to deny the validity of his act, the obligee having disadvantageously changed his position in consequence of receiving the bond.

AGENCY—QUESTIONS FOR COURT AND JURY RESPECTIVELY.

3. The fact of agency is always for the jury, but what may be done by the agent is a question of law for the court.

In an action against the surety on an undertaking by a building contractor for performance of the contract, *held*, that whether the person assuming to act as plaintiff's architect was his agent, and, as such, authorized to act for him was a question for the jury; but whether it was within the scope of his authority, as such agent, to procure a surety for the contractor, was a question for the court.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. COMMISSIONER KING.

This is an action by Alfred Wollenberg against S. K. Sykes on an undertaking executed by J. W. Knapp, as principal, and defendant Sykes, as surety. The undertaking was given to secure the faithful performance of a builder's contract previously entered into between Knapp and Wollenberg, wherein it was stipulated that Knapp should construct a residence for plaintiff within a time and for a price specified, to be constructed in accordance with certain plans and specifications furnished by plaintiff's architect. The undertaking contained the usual provisions in instruments given for such purposes, to the effect that Wollenberg should be held harmless from all liens, damages and expenses which might be incurred, if occasioned through any fault or neglect of Knapp; the limit of liability therein being fixed at $1,500. The instrument was executed by the principal and surety, without a seal, and witnessed by one D. P. Gingrich, and another. Gingrich was at the time in the employ of plaintiff as his architect, to prepare plans and specifications for the building and to supervise its construction, to the extent of seeing that it conformed to the plans and specifications furnished by him and as detailed in the contract, which agreement was also attached to and made a part of the undertaking. The contract, as well as the undertaking, was drawn by plaintiff's attorney, F. W. Benson, aided by plans and specifications prepared and furnished by Gingrich, as plaintiff's architect.

Through mistake, the contract in reference to the building was first signed by defendant in place of the undertaking. The attorney's attention being called to it, he placed the initials "S. K. S." in pencil writing before the place left for Sykes' signature, and dimly penciled the word "Seal" at the end of the lines where their signatures were to be, indicating that seals should be placed after their names when signed. The undertaking was then returned to Knapp and taken by him to defendant, who signed it as surety, after which it was delivered by Knapp to plaintiff. Plaintiff accepted it without knowledge of any conditions except those contained in and appearing upon the face of the instrument. Soon after its delivery to plaintiff, Knapp commenced the construction of the residence provided for in the contract; but, before its completion, abandoned the work, leaving a large indebtedness incurred in its construction. Liens were accordingly filed against the building to secure the unpaid claims, which plaintiff was compelled to discharge, and which, with the expense incurred in the completion of the building, was alleged to be the sum of $1,098.10, for which judgment was demanded.

The answer denied substantially all the allegations of the complaint, and, as an affirmative defense, alleged, in effect, that the undertaking was subscribed by defendant with notice to Gingrich and Knapp that another surety should be procured before it should be delivered; that the instrument, being unsealed, was not fully executed; that it was delivered without the required additional surety, and accepted by plaintiff with full knowledge of such conditions; and that by reason of the alleged facts the instrument is void. Other affirmative allegations are also set out in the answer, but are not urged here. The reply denied the allegations of new matter in the answer, and upon these issues the cause was tried.

Before submitting the case to the jury, the court was requested by plaintiff's counsel to instruct the jury to the effect that, under the evidence, it was not within the authority of Gingrich to bind plaintiff by any uncommunicated knowledge

or acts on his part relative to the conditions under which the undertaking may have been executed, nor to approve the instrument when signed; and that all testimony relative to what was said by defendant to Knapp and Gingrich concerning it should be disregarded. The instructions requested on these points were refused, to which counsel excepted, and the court, over plaintiff's objections and exceptions, charged the jury that they were the exclusive judges, not only of the question as to whether or not Gingrich was the agent of plaintiff in any capacity, but as to whether, as such agent, it was within his authority to procure and approve the undertaking given. A verdict was rendered for defendant, and from the judgment thereon the plaintiff appeals, assigning as error the refusal to give instructions asked and the giving of the instructions excepted to.      Reversed.

For appellant there was a brief over the names of *W. F. Benson* and *Albert Abraham,* with an oral argument by *Mr. Abraham.*

For respondent there was a brief over the name of *Coshow & Rice,* with an oral argument by *Mr. Oliver Perry Coshow.*

Opinion by Mr. Commissioner King.

The instrument upon which this action is brought, strictly speaking, is what is termed an "undertaking." It is a simplified bond without a seal: 29 Am. & Eng. Enc. Law (2 ed.), 98; *Scherer* v. *Hopkins,* 42 N. Y. St. Rep. 189 (16 N. Y. Supp. 863). The question as to the effect of it being an unsealed instrument is not urged here, and, under the issues involved, is not material, except in so far as it may explain the effect of certain testimony given at the trial. The jury found from the evidence, under the law as given them by the court, that Gingrich was plaintiff's agent, and that, as the terms of such agency empowered him to prepare plans and specifications for the building, including the supervision of its construction, it was within the scope of his authority to look after the preparation of the undertaking and approve the same when signed by the principal and surety. The only point necessary for consideration is as to whether the question of the extent of Gingrich's authority, under the evidence,

should have been submitted to the jury. After a careful examination of the bill of exceptions, we find no evidence showing any authority in Gingrich to act in any other capacity than as architect in the construction of plaintiff's residence. As such, he was authoried to draw plans and specifications, submitting them to plaintiff's attorney for preparation of the contract and bond, and to see that the building, as completed, should conform to the necessary requirements. It appears he was present when the instrument sued on was signed, and that he also witnessed it. The defendant testified that he told Knapp and Gingrich, when he signed the bond, or undertaking, that another surety must be procured, or he would not be bound by it, but no evidence appears showing plaintiff had any knowledge of such statement when he accepted the instrument. It was delivered to the plaintiff by the principal, and nothing appears upon its face, tending in any manner to indicate that another signature was to be procured. Only the defendant's name appears in the body of the instrument as surety, with nothing to indicate that any other name was to be inserted in or signed thereto.

1. It is practically conceded that, unless there was some evidence offered tending to show Gingrich had authority both to secure and to approve the undertaking intended to be obtained, the plaintiff is not bound by notice given to, or knowledge had by, Gingrich in reference to any additional requirements concerning the instrument, unless such information is shown to have come to plaintiff's knowledge. And it is well settled that while notice to an agent, when acting within the scope of his authority, is notice to the principal, it is equally well settled that to constitute such notice, and bind the principal, it must relate to matters over which his authority extends: *Pennoyer* v. *Willis,* 26 Or. 1 (36 Pac. 568: 46 Am. St. Rep. 594).

On this point, it is urged by defendant's counsel that the showing made at the trial, to the effect that Gingrich was plaintiff's architect, drew the plans for the building, supervised its construction, furnished his attorney with data for the preparation of the papers, and witnessed the instrument, together with plain-

tiff's statements on cross-examination, constituted sufficient evidence to bring the question of the selection of the sureties and the approval of the undertaking within the power conferred by such agency, and that this question was properly submitted to the jury. The testimony relied on was as follows:

"Q. Mr. Wollenberg, who represented you in drawing up these plans and contract?

A. Mr. Gingrich.

Q. He was your architect and agent in this matter?

A. Yes, sir.

Q. He superintended the entire construction of the building?

A. Yes, sir.

Q. These several men that you testified as having been paid after Mr. Knapp left his contract, did Mr. Gingrich oversee all these?

A. Yes, sir; he gave orders for the payment."

Mr. Benson, plaintiff's attorney, testified to the effect that he drew the bond and contract at the suggestion, principally, of Gingrich and Knapp, and that Wollenberg was there a part of the time; that Gingrich suggested some of the terms, but the amount of the bond was determined by Wollenberg and fixed at $1,500. No other testimony was given on these points, and it further appears, without contradiction, that all the information furnished by Gingrich for the formulation of the contract and of the undertaking was submitted, and that the papers were prepared and approved by Wollenberg, before either instrument was signed, which was not done in his presence. In explanation of his response to the question asked him on cross-examination, when the words "architect and agent" were used, plaintiff stated, on redirect examination:

"I did not understand the question right. I did not hear the word agent. I only admit he was my architect."

He further stated Gingrich was not his agent for any other purpose. Taking his testimony as a whole, with the language used in the questions asked, it cannot be inferred that plaintiff intended to be understood as saying Gingrich had any other authority than that of an architect. The question relied upon

which elicited this answer merely asked the witness as to who represented him in drawing up the "plans and contract." The question did not refer to the undertaking, or "bond." In the trial the terms generally made use of were "contract," when referring to the agreement between Wollenberg and Knapp, including the plans for the building, while the word "bond" was used in referring to the undertaking upon which this action is founded. Then, when analyzed under the most favorable light for the defendant, the plaintiff's reply to the question could not have been intended to have any reference to the undertaking.

2. No evidence having been offered showing the undertaking to have been accepted by plaintiff with either actual or constructive notice of the conditions under which it is alleged to have been executed, it can make no difference whether or not it was delivered by Knapp contrary to instructions, for the defendant, having affixed his signature and intrusted the writing to the control and possession of the principal, it being regular on its face, clothed him with authority to make the final delivery to the obligee, and, having delivered it, the defendant is bound, on the principle of estoppel, as by his acts plaintiff was misled to his injury: *Baker County* v. *Huntington,* 46 Or. 275 (79 Pac. 187).

3. The question whether or not Gingrich, as plaintiff's architect, was his agent, and, as such, authorized to act, is not questioned, and, if it had been controverted, would have been a question to be submitted to the jury; but whether it was within the scope of his authority to procure or approve sureties on a bond, or undertaking, was a question for the court: *Connell* v. *McLoughlin,* 28 Or. 230 (42 Pac. 218); *Long Creek Build. Assoc.* v. *State Ins. Co.* 29 Or. 569 (46 Pac. 366). The existence of an agent's authority is one of the facts to be determined by the jury, but what acts come within the conferred power is a question of law for the court's determination: *Anderson* v. *Adams,* 43 Or. 621 (74 Pac. 215).

The instructions requested, to the effect that plaintiff was not bound by anything claimed to have been said by defendant to

Knapp and Gingrich, relative to the conditions under which the undertaking was alleged to have been signed, and that the testimony to that effect be disregarded, should have been given; and the instructions given erroneously submitted both the law and · the facts to the jury. The judgment should therefore be reversed.          ·          REVERSED.